NATIONWIDE INSURANCE COMPANY, APPELLEE, *v.* HARVEY ET AL., APPELLANTS.

[Cite as Nationwide v. Harvey (1976), 50 Ohio App. 2d 361.]

(No. CA 75-09-0084—Decided December 13, 1976.)

*Baden, Jones, Scheper & Crehan Co., L. P. A.,* for appellee.

*Messrs. Holbrock, Jonson, Bressler & Houser,* for appellant Delores Harvey.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Butler County Court of Common

Pleas; an assignment of error; and the briefs and oral arguments of counsel.

Appellant Delores Harvey shot and killed one Audrey Armitage in November 1973. Although indicted for second degree murder, she pled guilty to first degree manslaughter. Thereafter, the administrator of the Armitage estate, Harry E. Bundy, filed an action, in his fiduciary capacity, against Mrs. Harvey for the wrongful death.

On the date of the shooting, appellee, Nationwide Insurance Company, had in full force and effect an insurance policy issued to Tolbert and Delores Harvey, hubsand and wife, the terms of which provided that the insurer would defend the insureds in actions—limited by the contract—for bodily injury, sickness, disease, or wrongful death. The policy, however, specifically excluded coverage for damages resulting from the wrongful death of any person *intentionally* caused by the insureds.

The wrongful death complaint alleged a *negligent* shooting. After ascertaining certain pertinent facts from Mrs. Harvey regarding the homicide, Nationwide filed an answer on her behalf. Bundy, the plaintiff in the wrongful death action, then filed a motion for summary judgment on the issue of liability alone. Nationwide defended Mrs. Harvey on that motion which the court granted.

Thereafter, Nationwide instituted the instant case seeking a declaratory judgment to determine whether the company was obligated, under its insurance contract with the Harveys, to pay, on Mrs. Harvey's behalf, the damages resulting from the wrongful death action, or further to defend her. Mrs. Harvey retained private counsel in the declaratory judgment action and her responsive pleading included a counterclaim for the attorney fees incurred in defending the action.

While the declaratory judgment suit was pending, Nationwide fully settled and compromised the original case brought on behalf of the decedent's estate thus terminating the original action. That settlement mooted the issues in the declaratory judgment action with the exception of appellant's counterclaim for attorney fees. Nationwide filed

a motion for summary judgment on the counterclaim which was granted, the court concluding that appellant was not entitled to her attorney fees as a matter of law. This appeal ensued.

The appellant's sole assignment of error asserts that:

The trial court erred to the prejudice of defendant-appellant in granting summary judgment on defendant's counterclaim.

If an insurance company is of the opinion that a particular factual situation is outside the scope of its contract with the insured, the company need not defend the suit. Such refusal to defend could result in an action either by the insured for defense expenses or by a successful plaintiff to secure payment of those damages for which the insured has been found liable. Such suits presumably could be successfully defended by the insurance company, provided its original analysis of its non-liability was correct. Nationwide elected to defend Mrs. Harvey in the original case and, at the same time, sought a declaration that it was not required to do so, and furthermore was not obligated to pay an eventual judgment. The advantages to Nationwide in proceeding in this fashion, as compared to the method suggested above, significantly favored Nationwide. The true issue, of course, is whether the insured should be compelled to pay her own expenses in defending such an action. Our research of the authorities indicates that this particular issue seems one of first impression in this state.[1] However, we are afforded *some* guidance by the following language from 22 American Jurisprudence 2d 62 (Supp.), Declaratory Judgments, Section 101:

"An insurer is not liable for the insured's attorney's fees in a declaratory judgment action to establish insurance coverage unless it is shown that the insurer has acted in bad faith or fraudulently or was stubbornly litigious."

[1] It is noted that there has come to our attention a Cuyahoga County Court of Common Pleas case, with a different fact pattern, in which certain insureds *did recover counsel fees* incurred in bringing an action for a declaratory judgment against insurer. The citation is *Sykes* v. *Midwestern Indemnity Co.* (1973), 38 Ohio Misc. 64.

The concept of fraudulent activity is not present here. However, this cause seems otherwise to come within the rule as enunciated above in American Jurisprudence.

The filing of the declaratory judgment action by Nationwide, although seemingly advantageous to the company, was unnecessary to protect its interests. Nationwide's initiation of such action, under the circumstances, appears unjustified and reasonably calculated to disadvantage its insured at least by burdening her with the expenses of a defense of a needless lawsuit. At the time of the commencement of the subject declaratory judgment action, the insurance company already was participating in the defense of appellant in the action by the administrator of the estate of the deceased woman, and moreover the company *voluntarily* settled that original action, thus admitting coverage, before the declaratory judgment action was decided.

We conclude, therefore, that the assignment of error must be sustained. We reverse the judgment below and conclude that the appellant is entitled to have a judgment in her favor as a matter of law on the issue of entitlement to attorney's fees.[2] We also remand this cause to the trial court for a determination of the fair and reasonable value of appellant's attorney fees incurred by her in defending the declaratory judgment action.

*Judgment reversed.*

SHANNON, P. J., PALMER and KEEFE, JJ., concur.

---

[2] It is our interpretation of the law with respect to Civil Rule 56, that the court upon a motion for summary judgment made by one party, is authorized to render judgment for the opposing party even though the latter has not moved for summary judgment in his favor. The moving party is not prejudiced where all the evidence material to the issue being litigated is before the court. See 32A Ohio Jurisprudence 2d 467, Judgment, Section 913.