THE STATE, EX REL. HENNEKE, APPELLEE AND CROSS-APPELLANT, *v.* DAVIS, ADM. & PRESIDING JUDGE, ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as State, ex rel. Henneke, *v.* Davis (1986), 25 Ohio St. 3d 23.]

(No. 85-1695—Decided July 9, 1986.)

*H. Fred Hoefle* and *Peter Pandilidis,* for appellee and cross-appellant.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Roger E. Friedmann,* for appellants and cross-appellees.

*Per Curiam.* At issue is the propriety of a municipal court's exclusion of surety bonds for bail purposes in light of the dictates of Crim. R. 46(D)(3), which expressly identify surety bonds as a method by which an accused may secure his release from confinement in misdemeanor cases.

Under the Ohio Constitution, courts may adopt rules governing local practice in their respective courts. However, these local rules must not be inconsistent with any rules governing procedure and practice promulgated by the Supreme Court, such as the Rules of Criminal Procedure. Section 5(B), Article IV, Ohio Constitution.

Crim. R. 46(D)(3) entitles a criminal defendant to seek his release via the methods specified, among which is the execution of a surety bond. Further, this rule stipulates that the choice of which method to utilize is at the option of the defendant. Accordingly, an administrative order which prohibits a clerk's acceptance of a surety bond for bail purposes in a misdemeanor case is in direct contravention of the dictates of Crim. R. 46(D)(3).

As a secondary argument, appellants assert that the appellate court's issuance of the within mandamus was improper in that it acts to control the discretionary judgment of a judge in setting a bond.

We find this argument to be without basis. In the case at bar, the appellate court's order compels appellants to accept surety bonds to effect the release of defendants charged with a misdemeanor offense. This directive does not involve the discretionary power of a judge to set bond, but

concerns the court's refusal to accept a method of bail which is expressly sanctioned in Crim. R. 46.

In his cross-appeal, cross-appellant seeks to have this court impose a writ of prohibition to rectify the municipal court's wrongful rejection of surety bonds for bail purposes. As a writ of prohibition is a measure designed to prevent a tribunal from proceeding in a matter over which it has no authority, as opposed to a correctional remedy, the appellate court was justified in denying the requested writ of prohibition since the action complained of has already been performed by appellants. *State, ex rel. Stefanick,* v. *Municipal Ct.* (1970), 21 Ohio St. 2d 102, 104-105 [50 O.O.2d 265].

For the foregoing reasons, we hereby affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.