SCHWARTZ, Chief Judge.
The petitioner is a defendant charged with first degree murder who is confined to the Dade County jail awaiting trial. After a hearing conducted pursuant to State v. Arthur, 390 So.2d 717 (Fla.1980), the trial judge, upon the finding that the proof of guilt was not evident nor the presumption great, ordered her pre-trial release upon conditions which, in addition to others which have been satisfied and are not now in issue, required the posting of a one million dollar cash bond. Ms. Cohen could not satisfy this condition, but was able to proffer a corporate surety appearance bond in that amount. The lower court, however, refused to modify the terms of its pre-trial release order to permit such a bond and the petitioner has brought this proceeding seeking either mandamus or habeas corpus relief for her release upon one being posted. We agree that mandamus lies and accordingly grant the relief requested.
In our view, this result is mandated by the unambiguous terms of Florida Rule of Criminal Procedure 3.131(b)(l)(v) which deals with a bond condition for pre-trial release. It states that a release order may include:
Requiring the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; provided, however, that any criminal defendant who is required to meet monetary bail or bail with any monetary component may satisfy said bail by providing an appearance bond, [e.s]
The emphasized proviso leaves no doubt that a cash bond condition may automatically be satisfied by an appropriate appearance bond in the specified amount. See § 903.18, Fla.Stat. (1987) (“Bail after deposit of money or bonds. — Bail by sureties may be substituted for a deposit of money or bonds as bail any time before a breach of the bond.”); see also §§ 627.752, 903.-045, Fla.Stat. (1987); accord State ex rel. Henneke v. Davis, 25 Ohio St.3d 23, 494 N.E.2d 1133 (1986); Ex parte Deaton, 582 S.W.2d 151 (Tex.Crim.App.1979).
The prosecution’s claim that the use of the word “may,” in the rule implies a degree of discretion which precludes the use of mandamus,[1] see City of Miami Beach v. Mr. Samuel’s, Inc., 351 So.2d 719 (Fla.1977), completely overlooks the fact *322 that the discretion involved in the operation of the rule is not one committed either to the court or the jailer, but rather to the “criminal defendant” herself. When, as in this case, she has determined to exercise her unconditional right to substitute a surety for a cash bond requirement, the respondents have no choice but to release her from custody. The mandatory nature of that duty thus establishes the availability of mandamus to order that they do so upon the furnishing of the bond. Fasenmyer v. Wainwright, 230 So.2d 129 (Fla.1969).
MANDAMUS GRANTED.[2]-[3]

. Even absent the existence of the rule, we might be inclined to consider that the trial judge’s insistence on a cash bond was an abuse of discretion so as to require granting the same relief by writ of habeas corpus.
This is because the lower court was obviously concerned with the fact that the defendant, through the posting of a cash bond, would have a personal financial stake in not fleeing, on the assumption that her assets or those of her relatives and friends would be directly at risk if she did so. However, the same ultimate effect would occur if a surety bond were involved. It is well known that surety companies demand that assets at least equal in value to the amount of the bond be pledged before it is issued. See Chippas v. Midland Ins. Co., 456 So.2d 495 (Fla. 3d DCA 1984), pet. for review denied, 462 So.2d 1107 (Fla. 1985). Thus, if Ms. Cohen absconded, the surety company would forfeit the one million dollars itself, and would then foreclose or liquidate the assets which had been pledged to it. As in the case of a cash bond, the state would secure the one million dollars and Ms. Cohen's friends, rather than the bondsman, would be out that sum. Thus, the only thing accomplished by the cash bond would be to require the conversion into cash of real estate and other assets, which, as this very proceeding shows, may not so easily be liquidated. Since neither of the ultimate purposes of the bond, to "reimburse” the state and to discourage any proclivity for flight, would be furthered by the cash provision, we would be hard-put to justify it.

. We are sure that it will be unnecessary to issue the formal peremptory writ.

. Rehearing is dispensed with.