PER CURIAM.
Leslie Sue Harrell petitions this court for a writ of mandamus or habeas corpus, contending that the terms set for her pretrial release are invalid. For the reasons set forth below, we grant relief.
Harrell was arrested and charged with one count of obtaining property by worthless check in an amount in excess of $150, a third degree felony pursuant to section 832.05(4)(c), Florida Statutes (Supp.1992). Pretrial release was set at $350 cash bond. Harrell was also charged with four counts of obtaining property by worthless check in an amount less than $150, first degree misdemeanors in accordance with the same statute. For three of the misdemeanor counts, pretrial release was set at $350 cash or $3,503 surety bond. For the fourth misdemeanor, release was ordered upon the posting of a $100 bond. Additionally, Harrell was charged with violating her probation and release was ordered on this charge upon the posting of a $500 cash bond. When Harrell attempted to obtain her release by posting a surety bond in an amount equal to the total of the cash bonds ordered, she was refused. This petition followed.
Petitioner argues that Cohen v. Vendrell, 535 So.2d 320 (Fla. 3d DCA 1988) controls the outcome of this case, and we agree. There, our sister court held that a cash bond condition may automatically be satisfied by an appropriate appearance bond in the specified amount. We find the respondents’ arguments that Cohen is distinguishable or incorrectly decided to be unpersuasive.
We believe that the appropriate remedy is the writ of mandamus to direct *1186 petitioner's release upon the posting of the bond. Cohen. Petitioner candidly concedes that she was able to obtain release when, after the filing of the petition and issuance of the order to show cause, the trial court modified the terms of the prior pretrial release orders. We nevertheless reach the merits of petitioner’s claim rather than dismiss it as moot, as it appears the issue presented is likely to recur. See Holly v. Auld, 450 So.2d 217, 218 n. 1 (Fla. 1984).
Finally, we note that the source of this alternative method for pretrial release is somewhat confusing. In 1986, then-Chief Circuit Judge John Santora promulgated Administrative Order 86-17, which established a bond schedule for Duval County. That order did not, however, mention the alternative method for setting bond which we herein have found invalid. Three subsequent amendments to the administrative order likewise contain no mention of alternative bond amounts. The fourth and fifth amendments to the administrative order, issued in 1990 and 1991 and increasing bond amounts for certain crimes other than those with which petitioner is charged, each directed surety bond amounts equal to ten times the cash bond amounts. Petitioner has also provided this court with a copy of a May 15, 1991, Sheriffs Office memorandum setting forth a bond schedule for a large number of criminal offenses. In each instance, the surety bond amount is equal to ten times the cash bond amount plus an additional three dollars. Regardless of the source of this practice, we find that, as indicated in Cohen, orders on pretrial release may not set different amounts for cash and surety bonds.
In light of the above, we grant the relief sought by petitioner but withhold formal issuance of the writ because of the mootness of the issue, as previously discussed.
PETITION GRANTED.
JOANOS, C.J., and ZEHMER and BARFIELD, JJ., concur.