HIGGINS, Admr., et al., Appellants,

v.

McDONNELL, Appellee.

[Cite as *Higgins v. McDonnell* (1995), 105 Ohio App.3d 199.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67547.

Decided July 10, 1995.

*Bruce P. Bogart,* for appellants.

*James J. McDonnell,* for appellee.

HARPER, Judge.

Appellants, Diane Higgins as Administrator of the Estate of Anthony Higgins, Diane Higgins, individually, and Ollice Higgins, appeal from the summary judgment granted in favor of appellee, Daniel McDonnell. For the reasons set forth below, we reverse and remand.

## I

On April 18, 1989, appellants filed an action in legal malpractice alleging that appellee represented them in a prior action, that he failed to prosecute the matter in a skillful and diligent manner, and that he failed to answer a motion for summary judgment.

On February 16, 1994 appellants filed a motion for partial summary judgment. Appellee twice moved for extension of time, which motions were granted. On May 25, 1994, appellee filed a brief in opposition to appellants' pretrial motion for summary judgment and a motion for summary judgment. On June 9, 1994, the trial court denied appellants' motion for partial summary judgment and granted appellee's motion for summary judgment.

## II

Appellants assign the following assignments of error for our review:

"The trial court erred to the prejudice of plaintiffs by granting the defendant's motion for summary judgment prior to the expiration of time allocated to plaintiff [*sic*] to respond to said motion for summary judgment.

"The trial court abused its discretion and denied plaintiffs procedural due process by prematurely granting the motion for summary judgment."

Appellants' two assignments touch one issue: the propriety of the granting of the motion for summary judgment. They shall be treated together.

Appellants contend that the trial court's grant of summary judgment violated Loc.R. 11(I) of the Cuyahoga County Court of Common Pleas, General Division. That rule provides that an adverse party may file a brief in opposition to a motion for summary judgment within thirty days after service of the motion. Appellants argue that the trial court's grant of appellee's motion fifteen days after it was filed denied them an opportunity to respond to the motion within the time allowed by the rule.

Appellee responded by arguing that Civ.R. 56(C) provides that a motion for summary judgment shall be served at least fourteen days before the time set for hearing and that the adverse party may serve and file opposing affidavits prior to the day of hearing. Appellee further argues that summary judgment was properly granted because appellants did not timely file any opposition and that the court could grant summary judgment in his favor based on appellants' original motion for partial summary judgment.

We outright reject appellee's contentions for the following reasons: First, the record shows that no time was set for the hearing on the motions, thereby leaving only the Loc.R. 11(I) thirty-days provision as the time to watch by the opposing party. Therefore, appellants could not be late if they did not file in fifteen days from the time appellee filed his motion, unless there was an order of court to so file, which the present case does not reveal. Second, while the rule in Ohio is that a court may grant summary judgment for a nonmoving party where the latter would be entitled to such judgment had the motion been made, *State ex rel. Cuyahoga Cty. Hosp. v. Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 27 OBR 442, 500 N.E.2d 1370; *Nationwide Ins. Co. v. Harvey* (1976), 50 Ohio App.2d 361, 4 O.O.3d 315, 363 N.E.2d 596, appellee in the instant case is not entitled to summary judgment, as we shall discuss *infra.*

We agree with appellants' contention that the trial court erred in granting summary judgment in favor of appellee. The Ohio Constitution in Section 5, Article IV states as follows:

"(B) The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * *

"Courts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court. The supreme court may make rules to require uniform record keeping for all courts of the state, and shall make rules governing the admission to the practice of law and discipline of persons so admitted."

From the power granted to the Supreme Court by the Ohio Constitution to enact rules of practice and procedure, Civ.R. 56 was born. Civ.R. 56(C), with which all motions for summary judgment must conform, states as follows:

"Motion and Proceedings Thereon. The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits."

As permitted by the Ohio Constitution, the Cuyahoga County Court of Common Pleas enacted its own local rule. Loc.R. 11 of that court, which regulates the hearing and submission of motions, states as follows:

"(I) Unless otherwise ordered by the Court, motions for summary judgment shall be heard on briefs and other materials authorized by Civil Rule 56(C) without oral arguments. The adverse party may file a brief in opposition with accompanying materials, within thirty (30) days after service of the motion."

■ Courts in Ohio are permitted to enact local rules as long as the local rules are not inconsistent with any rules governing practice and procedure promulgated by the Ohio Supreme Court. *State ex rel. Henneke v. Davis* (1986), 25 Ohio St.3d 23, 25 OBR 19, 494 N.E.2d 1133.

■ Civ.R. 56(C) specifically states that the motion shall be served at least fourteen days before the time fixed for hearing. The Supreme Court has set a minimum time limitation by which courts and counsel alike must abide, but does not preclude a court from exercising discretion and allowing the litigants additional time. Loc.R. 11(I) of the Court of Common Pleas of Cuyahoga County, General Division, allows an adverse party thirty days after the service of the motion in which to file a brief in opposition. Since the local rule does not shorten the time set by the Supreme Court, there is no inconsistency which would require the invalidation of the local rule.

■ In the case *sub judice*, it is readily apparent that thirty days did not elapse from the time appellee filed his motion for summary judgment until the date of the court's ruling. The trial court erred in failing to either inform appellants that the response-limitation time set forth in Loc.R. 11(I) would be shortened, or allow the full thirty days to elapse prior to its ruling.

Appellants' assignments of error are sustained.

The trial court's judgment is reversed and the cause is remanded for further consideration consistent with this opinion.

*Judgment accordingly.*

PATRICIA ANN BLACKMON, P.J., and KARPINSKI, J., concur.