JOURNAL ENTRY AND OPINION
Plaintiffs Allison Carter, Cynthia Waters, and Dante Carter appeal from the order of the trial court which granted summary judgment to defendants the City of Cleveland and five Cleveland Police Officers in plaintiffs' action alleging excessive force and false arrest. For the reasons set forth below, we affirm.
On December 15, 1998, Cynthia Waters filed this action against the City of Cleveland, and Cleveland Police Officers Michael Housknecht, Robert Cerba, Jr., Albert Walton, Michael Cozart and Robert Foley alleging that on February 22, 1997, the officers entered her yard at 1160 East 82nd Street and shot her dog while chasing a suspect. She further alleged that they assaulted her under color of state law and falsely arrested her. Also on December 15, 1998, plaintiff's children Dante Carter and Allison Carter filed separate complaints against the same defendants and alleged that defendants assaulted them under color of state law and falsely arrested them in connection with the same incident. Defendants denied liability and the three actions were consolidated.
The trial court subsequently issued an order which instructed that dispositive motions were due on October 22, 1999, and opposition briefs were due on November 22, 1999. Defendants moved to extend this deadline. The trial court granted this motion, extending the motion deadline to November 1, 1999 and opposition deadline to December 1, 1999.
On November 1, 1999, defendants filed a motion for summary judgment. Defendants' evidence indicated that Housknecht entered Waters' yard in pursuit of a suspect and that Waters' Rottweiler charged him. The officer shot the dog and plaintiffs then became belligerent. The officers subsequently restrained and arrested plaintiffs. Defendants also presented evidence that the force used was not excessive but was appropriate and reasonable under the circumstances. The trial court granted defendants' motion for summary judgment in an entry journalized on December 8, 1999. On December 9, 1999, plaintiffs filed their brief in opposition and on December 16, 1999, plaintiffs filed a motion for reconsideration under Civ.R. 60. Within this motion, plaintiffs' counsel indicated that he was unable to meet the trial court's deadline. The trial court denied plaintiffs' motion for reconsideration and on January 5, 2000, plaintiffs filed a notice of appeal challenging the trial court's award of summary judgment to defendants. Plaintiffs assign two errors for our review.
Plaintiffs' first assignment of error states:
 THE LOWER COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BEING UNOPPOSED [SIC], WHICH IS NOT SUFFICIENT REASON PER S.E. FOR GRANTING A MOTION FOR SUMMARY JUDGMENT.
Within this assignment of error, plaintiff asserts that the trial court erred in granting defendants' motion for summary judgment since their response was only one day late, plaintiffs' response was late as the result of excusable neglect and defendants failed to demonstrate that they were entitled to judgment as a matter of law.
Summary judgment is a procedural device used to terminate litigation and must therefore be awarded with caution, resolving all doubts in favor of the party opposing the motion. Osborne v. Lyles (1992),63 Ohio St.3d 326, 333. In order for summary judgment to be properly rendered, it must be determined that:
 (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448. The burden of establishing that there are no genuine issues of material fact to be litigated is upon the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337, 340. If the moving party meets this burden, the non-moving party must then produce evidence pursuant to Civ.R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex rel. Zimmerman v. Tompkins, supra, at 449.
If the non-movant needs additional time to respond, he or she may seek a continuance pursuant to Civ.R. 56(F). See Benjamin v. Deffet Rentals, Inc. (1981), 66 Ohio St.2d 86, 92. In seeking a continuance under Civ.R. 56(F), the opposing party must present a factual basis why it cannot present facts essential to the opposition of the motion. Gates Mills Investment Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 169. If a party fails to seek a continuance under Civ.R. 56(F), the claim that the motion was ruled upon prematurely is not preserved. Stegawski v. Cleveland (1987), 37 Ohio App.3d 78, 86. In Stegawski, supra, this court stated:
 The record before us contains no affidavits filed by appellant asserting that he could not present facts essential to justify his opposition, nor does the record contain any request for a continuance to permit completion of discovery or to allow for a ruling on appellant's motion to compel.
Absent compliance with the provisions of Civ.R. 56(F), the error was not preserved for appeal. * * *. Moreover, as this court stated in Tellis v. Morgan (August 31, 2000), Cuyahoga App. No 76981, unreported:
 Loc.R. 11(I) of the Court of Common Pleas of Cuyahoga County, General Division, states that a party opposing a motion for summary judgment has 30 days after the service of the motion to file its brief and accompanying evidentiary materials. Pursuant to the plain language of the rule, where no oral hearing is set, the court may rule on the motion after giving the parties the appropriate time to respond. Novosel v. Gusto, Inc., 1998 Ohio App. LEXIS 5794 (Dec. 3, 1998), Cuyahoga App. No. 73575, unreported. This court has previously determined that Loc.R. 11(I) is not in conflict with any rules governing practice and procedure promulgated by the Ohio Supreme Court and is therefore valid. Higgins v. McDonnell (1995), 105 Ohio App.3d 199, 663 N.E.2d 970, citing State ex rel. Henneke v. Davis (1986), 25 Ohio St.3d 23, 494 N.E.2d 1133.
 * * * The appellant failed to file a responsive brief within thirty days as required under the local rule. Nor did the appellant file for an extension of time pursuant to Civ.R. 56(F). The trial court properly ruled on the motion for summary judgment after the time for response had lapsed. Novosel, supra.
In accordance with the foregoing, the trial court was not premature in ruling upon the motion herein on December 8, 1999 since it did not rule upon the motion until one week after the time within which a response was due. Moreover, because plaintiffs failed to file for an extension of time pursuant to Civ.R. 56(F), they in fact did not preserve their rights thereto for purposes of appeal. Stegawski v. Cleveland, supra.
The trial court did not err in ruling upon the motion on December 8, 1999. Moreover, defendants' materials demonstrated that plaintiffs were arrested after they became belligerent and that they were not subjected to excessive force. The trial court properly entered summary judgment for defendants. The first assignment of error is without merit.
Plaintiffs' second assignment of error states:
 THE COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WHEN THE RESPONSE TO DEFENDANTS' MOTION WAS FILED A DAY LATE AND CLEARLY EXCUSABLE AND WITHIN RULE 60(B)(1)(5) OF THE OHIO RULES OF CIVIL PROCEDURE.
Plaintiffs next maintain that the trial court erred in denying their motion for relief from judgment pursuant to Civ.R. 60.
As an initial matter, we note that plaintiffs have not filed a separate appeal from the denial of their motion for relief from judgment pursuant to Civ.R. 60(B). Because the denial of this motion was a final appealable order, we may not, within the context of this appeal from the trial court's order granting summary judgment, address the merits of the ruling on the motion for relief from judgment. App.R. 4. In any event, as this court stated in Rea v. Pecsok (April 10, 1997), Cuyahoga App. No. 71014, unreported:
 Where a party fails to properly or sufficiently oppose a motion for summary judgment, Civ.R. 60(B)(5) does not provide relief. Schmidt v. Swit (June 16, 1988), 1988 Ohio App. LEXIS 2609, Cuyahoga App. No. 54084, unreported (the court stated that "to hold otherwise would make an initial ruling on summary judgment meaningless.") Accordingly, the second assignment of error is without merit.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
LEO M. SPELLACY, J., AND KENNETH A. ROCCO, J., CONCUR.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE