JOURNAL ENTRY AND OPINION
Defendant Glenn Wilson appeals from the judgment entered in favor of plaintiff Carla Council in Council's action alleging that defendant assaulted and battered her. For the reasons set forth below, we affirm.
In October 1998, defendant was indicted for one count of felonious assault following an attack upon Council in the Flats. On August 20, 1999, Council filed the instant civil action, alleging that on August 21, 1998, Wilson assaulted and battered her. Council instructed the clerk of courts to serve defendant at 375 Front Street in Berea. On September 1, 1999, defendant filed a motion to dismiss in which he asserted in relevant part as follows:
 2. Defendant alleges an insufficiency of service of process on the following grounds (a) that the Defendant has not been properly served with process in this action [OHIO CIV.R. 4.3(A)], and (b) that the service upon Steve Gargus, age eighty-two, who is a retired veteran with a hearing and memory disability was insufficient. Steve Gargus is incompetent and does not recall the date of service, nor did he deliver it to the Defendant in a timely manner. The Defendant came upon the service by chance [OHIO CIV.R. 4.2(A)], and (c) that the postal carrier failed to write the date of service on the stamped space on the envelope, and under these circumstances the Defendant cannot determine his time limits, OHIO CIV.R. 12.(A) and LOCAL RULE 8.(C)], based on this insufficient service of process.
No evidence was offered in support of defendant's claims. Also on September 1, 1999, defendant submitted an answer in which he again challenged the sufficiency of service and asserted a counterclaim charging that plaintiff assaulted and battered him on August 21, 1998. Plaintiff denied liability as alleged in the counterclaim and further asserted that the counterclaim was filed outside of the statute of limitations.
On September 14, 1999, the court hearing the criminal matter journalized an entry in which it noted that defendant had been found guilty of felonious assault and sentenced defendant to two years incarceration. This journal entry indicates that defendant resides at 375 Front Street in Berea, the same address at which plaintiff served summons upon him in this matter.
On October 27, 1999, the trial court denied defendant's motion to dismiss. Thereafter, on January 5, 2000, plaintiff moved for summary judgment. Plaintiff supported her motion with copies of defendant's indictment and conviction records, as well as an affidavit in which she averred that defendant assaulted and battered her and was convicted of felonious assault for this attack. She served copies of the motion to defendant at the Front Street address, the North Ridge Road address and the Pickaway Correctional Institution. Defendant did not respond to the motion and on March 16, 2000, the trial court awarded plaintiff summary judgment as to liability and set the matter for a hearing as to damages.
On April 11, 2000, defendant filed a motion for reconsideration in which he asserted that the records of his conviction were not certified and that plaintiff's affidavit does not indicate that it was made on personal knowledge. He further stated that he did not believe that he needed to respond to plaintiff's motion for summary judgment since it was not made with leave and in a supporting affidavit, he averred:
 2. I did not receive notice of the Court's Orders from October 27, 1999; therefore I did not believe I was required to respond to plaintiff's motion for summary judgment. I thought Plaintiff's motion was insufficient and untimely. * * *
On May 2, 2000, the trial court awarded plaintiff $10,750 for compensatory damages and $32,250 for punitive damages and denied defendant's motion for reconsideration. Defendant now appeals and assigns ten errors for our review. For the sake of convenience, we shall address the assignments of error out of their predesignated order.
Defendant's first assignment of error states:
 THE TRIAL COURT ERRED IN SUMMARILY DENYING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS THE COMPLAINT FOR INSUFFICIENCY OF SERVICE OF PROCESS.
Within this assignment of error, defendant asserts that the trial court erred in denying his motion to dismiss.
We note that Civ.R. 4.1 provides that service by certified mail is evidenced by a return receipt signed by any person * * *. Under the Rules of Civil Procedure, certified mail is effective upon certified delivery and does not require actual service upon the party receiving the notice. Akron-Canton Regional Airport Authority v. Swinehart (1980),62 Ohio St.2d 403, 405. Valid service of process is presumed when the envelope is received by any person at the defendant's residence. Branscom v. Birtcher (1988), 55 Ohio App.3d 242, 244; Fancher v. Fancher (1982),8 Ohio App.3d 79 . Moreover, courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence. In re Estate of Popp (1994),94 Ohio App.3d 640, 650.
Further, it is not necessary that service be attempted through the most likely means of success; it is sufficient that the method adopted be reasonably calculated to reach its intended recipient. Akron-Canton Regional Airport Authority v. Swinehart, supra. Thus, a complaint is to be served at an address where there is a reasonable expectation that service will be accomplished. United Home Fed. v. Rhonehouse (1991),76 Ohio App.3d 115, 124. See, also, J.R. Productions, Inc. v. Young (1982), 3 Ohio App.3d 407, 409 (service was made to the defendant's old address but the certified mail return receipt indicated that mail was being forwarded to the defendant's current address).
In this instance, plaintiff served the complaint upon defendant at the address listed for defendant in the criminal proceedings that were occurring contemporaneously with the civil proceedings. Thus, plaintiff sent the summons to an address reasonably calculated to reach defendant. Further, proper service of process was evidenced by a return receipt signed by Steve Gargus at that address. Within his motion to dismiss, defendant asserted that Gargus was not competent. This assertion was completely unsupported with evidence of any kind. In short, defendant failed to present any evidence to rebut the presumption of proper service in this instance. In accordance with the foregoing, we conclude that the trial court properly denied defendant's motion to dismiss.
The first assignment of error is without merit.
Defendant's second assignment of error states:
 THE TRIAL COURT ERRED IN SUMMARILY DENYING THE DEFENDANT-APPELLANT'S MOTION FOR RECONSIDERATION THAT WAS BASED IN PART ON THE FAILURE OF SERVICE OF COURT NOTICES AND OVERALL IRREGULARITIES IN THE PROCEEDINGS.
Defendant next asserts that the trial court erred in denying his motion for reconsideration from the order granting summary judgment to plaintiff because summary judgment was not warranted, was untimely, and was filed without leave of court. He further claims that the trial court erred in denying his motion for reconsideration because, he claims, he did not get notice of the trial court's order, dated October 27, 1999, that set forth the deadlines by which motions for summary judgment and opposing material were to be filed.
Because the trial court's award of summary judgment to plaintiff did not determine the amount of damages, it was not final. Civ.R. 54(B). Defendant was therefore not required to meet the criteria for obtaining relief from judgment pursuant to Civ.R. 60(B). A motion for reconsideration is viable as a procedural vehicle for obtaining relief from interlocutory orders but it is entertained at the discretion of the trial court. LaBarbera v. Batsch (1962), 117 Ohio App. 273, 276.
We find no abuse of discretion herein. Defendant failed to provide any evidence in support of his claim that he did not receive the court's order dated October 27, 1999 and it is undisputed in the record that plaintiff's motion for summary judgment was served upon him. Further, as to defendant's claim that he believed that it was not necessary to respond to the motion because it was not filed with leave and was untimely, we are unsure of how defendant arrived at, then relied upon, these conclusions. Loc.R. 21(D)(5) of the Court of Common Pleas of Cuyahoga County, General Division requires only that motions must be filed no later than seven days before the final pretrial conference, and pro se litigants are "presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants." Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,363. Accordingly, we cannot conclude that the trial court abused its discretion in denying defendant's motion for reconsideration in light of defendant's misinformed basis for failing to respond to plaintiff's motion for summary judgment.
The second assignment of error is without merit.
Defendant's fourth assignment of error states:
 THE TRIAL COURT ERRED IN ENTERING A FINAL JUDGMENT IN AN ACTION NOT PROPERLY COMMENCED PURSUANT TO CIV.R. 3(A).
Defendant next asserts that because plaintiff failed to properly serve process upon him, the action was not properly commenced pursuant to Civ.R. 3(A).
We note that this claim was never asserted below. Accordingly, it has been waived. In any event, as we have stated in our discussion of the first assignment of error, the complaint was filed, service was reasonably calculated to reach defendant and defendant failed to rebut the presumption of proper service herein. The requirements of Civ.R. 3(A) were therefore met. Cecil v. Cottrill (1993), 67 Ohio St.3d 367, 370,618.
Accordingly, the fourth assignment of error is without merit.
Defendant's fifth and sixth assignments of error are interrelated and state:
 THE TRIAL COURT ERRED IN FAILING TO SET A HEARING DATE OR AT LEAST ANY SPECIFIC DATE IN WHICH THE PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT WOULD COME ON FOR CONSIDERATION AND THEN SUBSEQUENTLY DENIED THE DEFENDANT-APPELLANT'S MOTION FOR RECONSIDERATION WITHOUT FIRST CONSIDERING THE ATTACHED SWORN AFFIDAVITS SHOWING THE FAILURE OF COURT NOTICES AND EXISTENCE OF A MERITORIOUS DEFENSE.
 THE TRIAL COURT ERRED IN CONSIDERING SUPPORTING EVIDENCE ON A MOTION FOR SUMMARY JUDGMENT OTHER THAN THAT PERMITTED IN CIV.R. 56(C) AND CIV.R. 56(E) AND THEN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF-APPELLEE WHERE THE EVIDENCE PRESENTED WAS INSUFFICIENT IN SHOWING THAT NO GENUINE ISSUES OF MATERIAL FACT EXISTED FOR A JURY TO DETERMINE.
Defendant next asserts that plaintiff failed to demonstrate that she was entitled to summary judgment herein. He also asserts that the trial court erred in hearing and deciding the motion without providing advance notice to defendant and without first obtaining his response.
Summary judgment is controlled by Civ.R. 56(C), which states in pertinent part:
 "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.
 A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "
The moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to any material element of its claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,292-93. If the moving party meets this burden, the non-moving party must then produce evidence pursuant to Civ.R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
If the non-movant needs additional time to respond, he or she may seek a continuance pursuant to Civ.R. 56(F). See Benjamin v. Deffet Rentals, Inc. (1981), 66 Ohio St.2d 86, 92. In seeking a continuance under Civ.R. 56(F), the opposing party must present a factual basis why it cannot present facts essential to the opposition of the motion. Gates Mills Investment Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 169. If a party fails to seek a continuance under Civ.R. 56(F), the claim that the motion was ruled upon prematurely is not preserved. Stegawski v. Cleveland (1987), 37 Ohio App.3d 78, 86. In Stegawski, supra, this court stated:
 The record before us contains no affidavits filed by appellant asserting that he could not present facts essential to justify his opposition, nor does the record contain any request for a continuance to permit completion of discovery or to allow for a ruling on appellant's motion to compel.
 Absent compliance with the provisions of Civ.R. 56(F), the error was not preserved for appeal. * * *.
Moreover, as this court stated in Tellis v. Morgan (August 31, 2000), Cuyahoga App. No 76981, unreported, 2000 Ohio App. LEXIS 3952:
 Loc.R. 11(I) of the Court of Common Pleas of Cuyahoga County, General Division, states that a party opposing a motion for summary judgment has 30 days after the service of the motion to file its brief and accompanying evidentiary materials. Pursuant to the plain language of the rule, where no oral hearing is set, the court may rule on the motion after giving the parties the appropriate time to respond. Novosel v. Gusto, Inc. (Dec. 3, 1998), Cuyahoga App. No. 73575, unreported, 1998 Ohio App. LEXIS 5794. This court has previously determined that Loc.R. 11(I) is not in conflict with any rules governing practice and procedure promulgated by the Ohio Supreme Court and is therefore valid. Higgins v. McDonnell (1995), 105 Ohio App.3d 199, 663 N.E.2d 970, citing State ex rel. Henneke v. Davis (1986), 25 Ohio St.3d 23, 494 N.E.2d 1133.
 * * * The appellant failed to file a responsive brief within thirty days as required under the local rule. Nor did the appellant file for an extension of time pursuant to Civ.R. 56(F). The trial court properly ruled on the motion for summary judgment after the time for response had lapsed. Novosel, supra.
In accordance with the foregoing, the trial court was not premature in ruling upon the motion herein. Moreover, because defendant failed to file for an extension of time pursuant to Civ.R. 56(F), he in fact did not preserve his rights thereto for purposes of appeal. Stegawski v. Cleveland, supra.
Further, plaintiff's evidentiary documents demonstrated that defendant was convicted of felonious assault in the court of common pleas in connection with this matter. This court affirmed that conviction. See State v. Wilson (September 21, 2000), Cuyahoga App. No. 77115, unreported. Evidence of this conviction was admissible in the civil action pursuant to Evid.R. 803(21). See Phillips v. Rayburn (1996),113 Ohio App.3d 374, 381-382(the conviction may be admitted into evidence and accorded whatever weight the factfinder deems appropriate * * * [t]he conviction is of course probative evidence to an aggrieved plaintiff and should be admissible.). In the absence of opposing evidentiary material from defendant, the trial court properly entered summary judgment for plaintiff.
The fifth and sixth assignments of error are without merit.
Defendant's seventh assignment of error states:
 THE TRIAL COURT ERRED IN DISMISSING THE DEFENDANT-APPELLANT'S COUNTERCLAIM WHERE THE PLAINTIFF-APPELLEE FAILED TO STATE WITH PARTICULARITY THE GROUNDS THEREFORE AS REQUIRED UNDER CIV.R. 7(B)(1) AND INTRODUCED NO EVIDENCE TO WARRANT THE DISMISSAL.
Here, defendant asserts that the trial court erred in dismissing his counterclaim with prejudice because, he claims, plaintiff did not specifically show that she was entitled to judgment thereon.
As noted previously, plaintiff moved for summary judgment, asserting that defendant unprovokedly assaulted and battered her on August 21, 1998 and that she lost consciousness after defendant struck her. Defendant did not oppose this motion. Further, his counterclaim asserted that plaintiff assaulted and battered him and was not filed until September 1, 1999. Accordingly, from the record presented herein, there was no genuine issue of material fact as to plaintiff's assertion that defendant assaulted and battered her, causing her to lose consciousness, and that the counterclaim was, on the face of the record, without merit. Further, it was apparent that the counterclaim was untimely. Velotta v. Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376, 379; Riley v. Montgomery (1984), 11 Ohio St.3d 75.
Accordingly, the seventh assignment of error is without merit.
Defendant's eighth assignment of error states:
 THE DEFENDANT-APPELLANT'S CONSTITUTIONALLY GUARANTEED RIGHT TO A JURY TRIAL WAS DENIED WHEN THE TRIAL COURT ERRED IN DETERMINING THE DAMAGE AWARDS WITHOUT A JURY'S CONSIDERATION PURSUANT TO CIV.R. 38 AND 39(A).
Within this assignment of error, defendant contends that the trial court erred in determining the damages without a jury.
Generally, where there is a right to trial by jury, a party must file a timely demand for a jury or that party waives its right to have the case heard by a jury. Civ.R. 38(B) and (D). Ferguson v. Johnson ((1984),15 Ohio App.3d 143.
Defendant did not demand a jury and therefore waived his right to have the matter of damages tried to a jury. This assignment of error is accordingly without merit.
Defendant's ninth and tenth assignments of error are interrelated and state:
 THE TRIAL COURT ERRED IN DETERMINING AND GRANTING EXCESSIVE COMPENSATORY DAMAGE AWARDS PURSUANT TO R.C. 2317.45.
 THE TRIAL COURT ERRED IN DETERMINING AND GRANTING EXCESSIVE PUNITIVE DAMAGE AWARDS PURSUANT TO R.C. 2315.21.
Here, defendant asserts that the trial court erred in awarding plaintiff compensatory damages of $10,750 and punitive damages of $32,250.
The evidence demonstrated that plaintiff incurred damages of $3,585.54 for medical expenses and that she experienced pain and suffering and underwent counseling as the result of this incident. She further testified that her face remained bruised for many months, that there was blood in her eye for many months, and that she experienced pain in her elbow for months. The trial court awarded her $10,750 as compensatory damages for these injuries and we are unable to conclude that this award is excessive in light of the evidence offered. Further, the trial court derived the punitive damage award by tripling the amount of compensatory damages. This is a standard practice and we do not find it excessive in light of the evidence presented.
The ninth and tenth assignments of error are without merit.
Defendant's third assignment of error states:
 THE DEFENDANT-APPELLANT'S CONSTITUTIONALLY GUARANTEED DUE PROCESS RIGHTS WERE SUBSTANTIALLY PREJUDICED BY THE CUMULATIVE EFFECTS OF THE PLAINTIFF-APPELLEE'S VIOLATIONS OF THE OHIO RULES OF CIVIL PROCEDURE AND THE TRIAL COURT'S FAILURE TO GRANT THE APPROPRIATE RELIEF.
Here defendant maintains that the cumulative effect of the trial court's erroneous rulings deprived him of a fair trial. In that we have determined that none of the individual assignments of error are meritorious, there therefore can be no cumulative error. See State v. Davis (Oct. 8, 1998), Cuyahoga App. No. 72920, unreported; cf. State v. Muscatello (1977), 57 Ohio App.2d 231, 253-254. This assignment of error is without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________ ANN DYKE, J.:
JAMES D. SWEENEY, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.