JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Sherry Coates appeals the trial court's granting summary judgment in favor of Marc Asmar, D.D.S. on her dental malpractice claim. She assigns the following errors for our review:
 {¶ 2} "I. The trial court erred and abused its discretion in granting summary judgment to the defendant/appellee because the court prematurely ruled on the motion for summary judgment prior to the time the court had the brief and prior to the time the plaintiff/appellant was required to file her brief in opposition."
 {¶ 3} "II. The trial court's action in granting the defendant's motion for summary judgment should be reversed and remanded because the plaintiff did in fact provide an expert report to the defendant and did in fact attach it to its brief in opposition to the plaintiff's motion for summary judgment."
 {¶ 4} Having reviewed the record and pertinent law, we reverse and remand the judgment of the court. The apposite facts follow.
 {¶ 5} On September 5, 2002, Coates filed a suit against Asmar, alleging dental malpractice. A case management conference was conducted on November 19, 2002, where the trial court ordered Coates to produce expert reports no later than February 10, 2003. Trial was scheduled for June 30, 2003.
 {¶ 6} The record reveals that on February 19, 2003, Asmar filed a motion for summary judgment. The basis for his motion was that because Coates had failed to support her case with an expert report, Coates failed to present a prima facie malpractice case against him.
 {¶ 7} The trial court granted summary judgment on March 21, 2003, stating as follows:
 {¶ 8} "Deft's unopposed motion for summary judgment is granted. Motion of Deft. Marc Asmar, D.D.S. for summary judgment is granted. The court having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that Deft. is entitled to judgment as a matter of law. Final."
 {¶ 9} On the same date the trial court entered the above journal entry, Coates filed her motion in opposition to Asmar's motion for summary judgment. In her motion she claimed to have sent a copy of the expert report to counsel on January 31, 2003. Attached to her motion was a copy of the expert report, a letter dated January 31, 2003 to opposing counsel indicating the expert report was attached, another letter dated February 21, 2003, indicating the expert report was being sent a second time, and an affidavit by Coates' attorney's secretary indicating she had sent the expert report, but did not indicate the date she mailed the report.
 {¶ 10} In her first assigned error, Coates argues that the trial court erred by ruling on Asmar's motion for summary judgment prior to the time her motion in opposition was due.
 {¶ 11} Local Rule 11(I) of the Cuyahoga County Common Pleas Court states as follows:
 {¶ 12} "(I) Unless otherwise ordered by the Court, motions for summary judgment shall be heard in briefs and other materials authorized by Civil Rule 56(C) without oral arguments. The adverse party may file a brief in opposition with accompanying materials, within thirty (30) days service of the motion."
 {¶ 13} This court in Higgens v. McDonnell[1] held that in absence of the trial court setting a time for hearing on a motion for summary judgment, a trial court errs in granting the motion without allowing the full thirty-day period after service of the motion in which to file a motion in opposition, as permitted under Loc.R. 11.[2]
 {¶ 14} In the instant case, Asmar filed his motion for summary judgment on February 19th. Pursuant to Civ.R. 6(E), since the motion was served by mail, three days is added to the time for response. Therefore, Coates had until March 22, to file her motion in opposition. The trial court's order was journalized on March 21, 2003.
 {¶ 15} It is obvious the trial court never considered the motion in opposition because it noted in its order that Asmar's motion was unopposed. We therefore conclude the trial court prematurely ruled on Asmar's motion for summary judgment prior to the timely filing of Coate's motion in opposition.
 {¶ 16} Although Asmar argues the trial court granted summary judgment as a discovery sanction due to the fact that Coates failed to timely file an expert report, the trial court did not state this in its order granting the motion. Furthermore, Coates' motion in opposition creates an issue of fact regarding whether Coates did in fact send the expert report in a timely matter as indicated by her letter to Asmar's counsel on January 31, 2003.
 {¶ 17} Coates' first assigned error has merit and is sustained. Coates' second assigned error is moot and need not be addressed.[3]
 {¶ 18} Judgment reversed and remanded for proceedings consistent with this opinion.
 {¶ 19} This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., J., and Anthony O. Calabrese, Jr., J.,Concur.
[1] (1995), 105 Ohio App.3d 199.
[2] See, also, Maloof v. Hollingsworth (July 23, 1998), Cuyahoga App. No. 73091; Perkins v. Hardiman (May 24, 1984), Cuyahoga App. No. 47586, where this court held strict adherence to Loc.R. 11(I) is required.
[3] App.R. 12(A)(1)(c).