DECISION AND JUDGMENT ENTRY
{¶ 1} Kimberly Jo Zearley appeals the trial court's entry of summary judgment to Mortgage Electronic Registration Systems, Inc. ("MERS"). She contends that: (1) the court erred by granting the summary judgment motion four days prior to the non-oral hearing when she had not yet responded to the motion, and (2) the court erred by entering summary judgment because there is a factual dispute as to when the mortgage and deeds were executed and as to whether she and her husband had an interest in the property at the time the mortgage was executed. MERS contends that the trial court properly granted the summary judgment because Mrs. Zearley failed to file a response to the motion within seven days of service as required by Loc.R. 8(C). It also contends that the court properly entered summary judgment because the evidence proved that MERS held a valid mortgage, which had not been paid, on the property.
 {¶ 2} We conclude that Loc.R. 8(C) is invalid and unenforceable to the extent it conflicts with Civ.R. 56, which allows parties at least fourteen days to respond to a motion for summary judgment. Since Loc.R. 8(C) is invalid, Civ.R. 56, which allows a party opposing a motion for summary judgment to file a response prior to the hearing, governs. Therefore, the court erred in ruling on the motion before Mrs. Zearley's time to respond had elapsed. We reverse and remand this matter to the trial court.
 {¶ 3} MERS filed a complaint in foreclosure and for money judgment against Robert L. Zearley, Jr. and Kimberly Jo Zearley alleging that they failed to make the mortgage payments on their home. After the Zearleys failed to respond to the complaint, the court granted a default judgment in MERS's favor and issued a decree in foreclosure. Mrs. Zearley filed a motion to vacate the judgment, which was resolved through an agreed order vacating the judgment as to Mrs. Zearley only.[1]
 {¶ 4} On May 13, 2004, MERS filed a motion for summary judgment seeking a judgment in its favor against Mrs. Zearley and a decree in foreclosure. Four days later, the court's bailiff issued a court notice informing the parties "that a non oralsummary judgement [sic] has been scheduled for June 11, 2004,
at 9:00 a.m. * * *. Counsel and parties do not need toappear." (Emphasis in original.) On June 7, 2004, three days before the scheduled hearing, the trial court issued its entry granting summary judgment and a decree in foreclosure.
 {¶ 5} Mrs. Zearley filed a timely notice of appeal, assigning the following errors: "A. The trial court erred when it granted Plaintiff's motion for summary judgment prior to the scheduled hearing date. B. The trial court denied the Appellant due process when it granted Plaintiff's motion for summary judgment prior to the scheduled hearing date in violation of her Federal and State Constitution [sic] rights. C. The trial court erred when it granted Plaintiff's motion for summary judgment."
 {¶ 6} In her first assignment of error, Mrs. Zearley asserts that the trial court erred in granting the motion for summary judgment prior to the scheduled hearing date. She contends that she believed, based on the court's statements to her counsel during a hearing in another case, that she could file her memorandum in opposition to MERS's summary judgment motion up to the date of the non-oral hearing. Therefore, the court should not have ruled on the motion before the hearing date when she had not yet responded.
 {¶ 7} MERS contends that Hocking County Loc.R. 8(C) governs. Loc.R. 8(C) provides that: "Each party opposing the motion shall serve and file within seven (7) days [after the motion is served and filed] a brief written statement of the reasons in opposition to the motion and a list of citations of the authorities on which he relies. If the motion requires the consideration of facts not appearing of record, he shall also serve and file copies of all affidavits, depositions, photographs or documentary evidence which he desires to submit in opposition to the motion." MERS contends that, since Mrs. Zearley failed to respond to the motion for summary judgment within seven days, i.e. by May 28, 2004, the court properly ruled on the motion on June 7, 2004, even though the date of the scheduled non-oral hearing had not yet arrived.
 {¶ 8} Interpretation of court rules presents us with a legal question which we independently analyze without deference to the trial court's decision. Cowen v. Lucas (June 30, 1997), Scioto App. No. 96CA2456, citing Mosley v. Stevenson (Apr. 30, 1993), Scioto App. No. 92CA2079. Courts in Ohio are permitted to enact local rules as long as those rules are not inconsistent with any rules governing practice and procedure promulgated by the Ohio Supreme Court. Civ.R. 83; State ex rel. Henneke v. Davis
(1986), 25 Ohio St.3d 23, 494 N.E.2d 1133. Any local rule governing motion practice is therefore enforceable only to the extent that it is consistent with the Civil Rules. Vance v.Roedersheimer, 64 Ohio St.3d 552, 554, 1992-Ohio-24,597 N.E.2d 153, 155.
 {¶ 9} Civ.R. 56 requires that a party file a motion for summary judgment at least fourteen (14) days before the scheduled hearing. If no hearing date exists when the motion is filed, the court must establish a hearing date and give proper notice. The party opposing the summary judgment motion may serve and file opposing evidence prior to the day of the hearing. Civ.R. 56(C). Ordinarily, the parties appear at the hearing and make oral arguments in support of their positions and answer the court's questions. O'Brien v. Citicorp Mortgage, Inc. (Feb. 24, 1994), Franklin App. No. 93AP-1074. However, in an attempt toward more expeditious administration of justice, Civ.R. 56 has been construed as permitting non-oral hearings, meaning that they are in written form rather than oral. Id.
 {¶ 10} In Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8,2003-Ohio-4829, 795 N.E.2d 648, syallabus, the Ohio Supreme Court held that a trial court need not notify the parties of the date of consideration of a summary judgment motion or the deadlines for submitting briefs and Civ.R. 56 materials, i.e. the date of the non-oral hearing, if a local court rule provides sufficient notice of the hearing date or submission deadlines.
 {¶ 11} Here, the trial court set a non-oral hearing date approximately thirty days after the summary judgment motion was filed, but the local rules allowed Mrs. Zealey only seven days to respond to the motion. Therefore, we must determine whether Mrs. Zearley was required to respond to the summary judgment motion within seven days of its filing, as required by Loc.R. 8(C), or whether Mrs. Zearley could respond prior to the date of the scheduled hearing, as provided in Civ.R. 56(C).
 {¶ 12} As we already noted, local rules are unenforceable if they conflict with the Civil Rules of Procedure. By providing that a summary judgment motion must be served at least fourteen days before the time fixed for the hearing and allowing the party opposing the motion to respond up until the hearing date, the Supreme Court has set a minimum time limit for responding to summary judgment motions by which courts must abide. Higgins v.McDonnell (1995), 105 Ohio App.3d 199, 202, 663 N.E.2d 970, 972. Although courts may allow litigants additional time in which to respond to a summary judgment motion, they may not shorten the time set by the Supreme Court without conflicting with Civ.R. 56. Id. (holding that allowing an adverse party thirty days in which to file a brief in opposition to a summary judgment motion is permissible, although a local rule shortening the time period in which to respond would be invalid). Therefore, we conclude that Loc.R. 8(C) is invalid and unenforceable to the extent it applies to memorandum and evidence in opposition to motions for summary judgment. See Fairchild v. Fairchild (Nov. 8, 1994), Franklin App. No. 94APE04-597 (holding that a local rule of court which is inconsistent with the Ohio Rules of Civil Procedure is invalid and unenforceable).
 {¶ 13} Having determined that Loc.R. 8(C) is invalid, we conclude that Mrs. Zearley had until "prior to the day of the hearing" to file her memorandum and evidence in opposition to the motion for summary judgment. The court erred in ruling on the motion four days before the scheduled non-oral hearing when Mrs. Zearley had not yet responded. Mrs. Zearley's first assignment of error is sustained.[2]
 {¶ 14} Having sustained Mrs. Zearley's first assignment of error, we conclude that her second and third assignments of error are moot. We reverse and remand this matter to the trial court for further action consistent with this opinion, i.e. to allow Mrs. Zearley to respond to MERS's summary judgment motion.
Judgment reversed and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Apparently, the parties are divorcing and Mr. Zearley has moved outof-state.
[2] We place no weight on counsel's contention that he relied on the trial court's statements in another case in calculating when Mrs. Zearley's response to the summary judgment motion was due. It is counsel's responsibility to be familiar with the local rules of the courts in which counsel practices.