{¶ 27} I respectfully dissent from the majority's opinion finding that the court properly granted RG's summary judgment motion from a procedural standpoint. Pursuant to Loc.R. 11(I)(1), "a party opposing a motion for summary judgment made pursuant to Civil Rule 56 may file a brief in opposition * * * within thirty (30) days of service of the motion," with a potential additional three days for service by mail pursuant to Civ.R. 6(E). See, also, Mortgage Elec. Registration Sys. v.Zearley, Hocking App. No. 04CA11, 2004-Ohio-7283 (holding that "[although courts may allow litigants additional time in which to respond to a summary judgment motion, they may not shorten the time set by the Supreme Court without conflicting with Civ.R. 56").
 {¶ 28} In the instant case, RG filed its motion for summary judgment on February 16, 2006. By rule of law, Nour had until March 21, 2006 (30 days plus *Page 12 
three days for mail service) to respond. Nour was unrepresented by counsel, the summary judgment motion was unopposed, and no requests for time extensions had been made. However, one week later, on March 28, 2006, the court granted RG's summary judgment motion. While I reach no conclusion regarding the merits of RG's motion, I would find that this action constitutes an abuse of discretion from a timeliness point of view and would, accordingly, reverse the court's decision. *Page 1