[Cite as *Adamson v. Varnau*, 2014-Ohio-5739.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| STEVE ADAMSON, et al., | : | CASE NO. CA2014-07-016 |
| Plaintiffs-Appellants, | : | |
| | : | O P I N I O N<br>12/30/2014 |
| - vs - | : | |
| | : | |
| DR. JUDITH VARNAU, CORONER, | : | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CVH2014-0267


Hawkins Law LLC, Tracy L. Hawkins, 4030 Mr. Carmel-Tobasco Road, #209, Cincinnati, Ohio 45255, for plaintiffs-appellants

Thomas G. Eagle Co., L.P.A., Thomas G. Eagle, 3386 North State Route 123, Lebanon, Ohio 45036, for defendant-appellee


**S. POWELL, J.**

{¶ 1} Plaintiffs-appellants, Steve and Rebecca Adamson, appeal from the decision of the Brown County Court of Common Pleas denying and dismissing their complaint seeking to remove defendant-appellee, Dr. Judith Varnau, from her position as the duly elected Coroner for Brown County, Ohio. Since we find that there was insufficient evidence to warrant Dr. Varnau's removal from office pursuant to R.C. 3.07, we overrule appellants' two assignments

of error and affirm the judgment of the trial court.[1]

{¶ 2} On April 16, 2014, the Adamsons filed a complaint pursuant to R.C. 3.07 seeking the prompt removal of Dr. Varnau from her position as Brown County Coroner. Attached to the complaint was a petition containing the signatures of approximately 2,300 qualified Brown County electors in support of Dr. Varnau's removal. The complaint raised six separate counts in regards to Dr. Varnau's alleged misconduct in the performance of her duties following the death of the Adamsons' son, Zachary Adamson, as well the deaths of Hanson Jones, Ronda Cheesman and Roy Johnston, all of which occurred between January 30, 2013 and January 9, 2014.

{¶ 3} Specifically, as it relates to Zachary Adamson's death, the complaint alleged Dr. Varnau: (1) breached her duty to secure his valuable personal effects; (2) breached her duty to deliver firearms to the Brown County Sheriff, Dwayne Wenninger; and (3) breached her duty to notify Zachary's next of kin. In addition, the complaint alleged Dr. Varnau (4) breached her "duty to the public at large" by (a) failing to secure firearms at other death scenes, by (b) failing to "treat all death scenes * * * as possible homicides," and by (c) failing to treat the deceased bodies she encountered with the "degree and respect owed to the citizens of Brown County, whether alive or deceased." Finally, the complaint alleged Dr. Varnau (5) engaged in gross neglect of her duties by placing "personal interests above the interest of the citizens of Brown County, Ohio" and (6) engaged in general misfeasance, malfeasance and nonfeasance through the (a) commission of numerous violations of her statutory duties and by (b) exercising poor judgment while acting in her capacity as Brown County Coroner, thereby warranting her removal.

{¶ 4} The matter proceeded to a bench trial held before the common pleas court that

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.

concluded on May 15, 2014. During this time, the common pleas court heard testimony from 25 witnesses and admitted 18 exhibits into evidence. Thereafter, on June 23, 2014, the common pleas court entered its written decision denying and dismissing the Adamsons' complaint seeking Dr. Varnau's removal. In so holding, the common pleas court found the Adamsons "failed to meet their burden of proof to establish sufficient grounds for removal of Dr. Varnau from the office of Brown County Coroner." The common pleas court also found it was "not convinced that the mistakes [Dr. Varnau] has made in the performance of her official duties rise to the level of gross neglect of duty, misfeasance, malfeasance or nonfeasance required by the law for her removal."

{¶ 5} The Adamsons now appeal from the common pleas court's decision denying and dismissing their complaint, raising two assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED BY FAILING TO DETERMINE THAT THE CORONER'S CONFISCATION AND DISTRIBUTION OF PERSONAL PROPERTY AND INTENTIONALLY POSTING A DECEDENT'S SOCIAL SECURITY NUMBER ON HER WEBSITE CONSTITUTE MALFEASANCE, AND EACH OCCURRENCE IS GROUNDS FOR REMOVAL FROM OFFICE.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED BY FAILING TO DETERMINE THAT THE CORONER'S REPEATED REFUSAL TO DELIVER DECEDENTS' FIREARMS TO LAW ENFORCEMENT CONSTITUTES WILLFUL MISCONDUCT, AND EACH OCCURRENCE IS GROUNDS FOR REMOVAL.

{¶ 10} Proceedings to remove a public officer are quasi-penal in nature and should be strictly construed. *Petitioners for the Removal of Stringer v. Stringer*, 11th Dist. Trumbull No. 3664, 1986 WL 3532, *2 (Mar. 21, 1986), citing *McMillen v. Diehl*, 128 Ohio St. 212, 214-215

- 3 -

(1934). To that end, R.C. 3.07 thru R.C. 3.10, Ohio's removal statutes, were "enacted by the General Assembly pursuant to Article II, Section 38 of the Ohio Constitution to provide a specific process for the removal of public officers." 2014 Ohio Atty.Gen.Ops. No. 2014-016, citing *Hughes v. Brown*, 62 Ohio App.3d 417, 419 (10th Dist.1989). Specifically, as stated by the Ohio Supreme Court,

> public officers who willfully and flagrantly exercise authority or power not authorized by law, refuse or willfully neglect to enforce the law or to perform any official duty imposed upon them by law, or are guilty of gross neglect of duty, gross immorality, drunkenness, misfeasance, malfeasance, or nonfeasance are guilty of misconduct in office and may be removed from office by a judgment of forfeiture of office.

*State ex rel. Ragozine v. Shaker*, 96 Ohio St.3d 201, 2002-Ohio-3992, ¶ 9, citing R.C. 3.07.

{¶ 11} The burden of proof that must be met before a public official can be removed is clear and convincing evidence. *In re Removal of Kuehnle*, 161 Ohio App.3d 399, 2005-Ohio-2373, ¶ 85 (12th Dist.). "Clear and convincing evidence means that measure or degree of proof that is more than a mere preponderance of the evidence but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and that will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.*, citing *In re Election of November 6, 1990 for the Office of Atty. Gen. of Ohio*, 58 Ohio St.3d 103, 106 (1991), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 12} The law, however, does not favor the removal of duly elected officials and a removal should not be ordered lightly for minor or isolated infractions. *Kuehnle* at ¶ 85 and 87; *Stringer* at *2. In turn, "[e]lected officials should not be removed from office absent substantial reasons and the conclusion that their continued presence harms the public welfare." *2,867 Signers of Petition for Removal of Mack v. Mack*, 66 Ohio App.2d 79, 82 (9th Dist.1979), citing *State ex rel. Corrigan v. Hensel*, 2 Ohio St.2d 96, 100 (1965). When

determining whether removal is proper, "all relevant circumstances surrounding the conduct in question should be examined, including the degree of wrongdoing and the number of incidents involved." *Kuehnle* at ¶ 87.

{¶ 13} At the outset, Dr. Varnau argues the Adamsons' appeal must be dismissed because they did not properly comply with procedural requirements to bring a removal action contained in R.C. 3.07 thru R.C. 3.10, nor did they properly seek leave to appeal from the common pleas court's decision as provided by R.C. 3.09. This court, however, has already addressed these issues in our entry granting the Adamsons' motion for leave to appeal, wherein this court also denied Dr. Varnau's motions to strike and dismiss the appeal. This court stated that the Adamsons "have properly sought leave to appeal pursuant to the rules of appellate procedure." *Adamson v. Varnau*, 12th Dist. Brown No. CA2014-07-016, p. 1 (Sept. 8, 2014) (Entry Granting Leave to Appeal and Denying Motions to Strike Notice of Appeal and Dismiss Appeal). This court also found good cause has been shown to allow the Adamsons' appeal to move forward. *Id.* at p. 3. We decline to revisit and reconsider those decisions here.

{¶ 14} Dr. Varnau also argues this appeal must be dismissed because this court has no jurisdiction to address the Adamsons' two assignments of error raised on appeal. In support of this claim, Dr. Varnau again cites to R.C. 3.09, which provides, in pertinent part, that "[t]he decision of the court of common pleas in all cases for the removal of officers *may be reviewed on appeal on questions of law by the court of appeals*." (Emphasis added.) According to Dr. Varnau, because there is no provision allowing for an appeal regarding "questions of fact or weight of the evidence," this appeal is beyond this court's authority and jurisdiction and must be dismissed. While we do not disagree with this interpretation of R.C. 3.09, a reading of the trial court's decision and the Adamsons' assignments of error leads us to conclude that the issue is one of sufficiency rather than weight of the evidence.

- 5 -

{¶ 15} Throughout their two assignments of error, the Adamsons argue the decision of the common pleas court was in error because they provided evidence demonstrating Dr. Varnau engaged in malfeasance and willful misconduct, thereby warranting her removal. Whether Dr. Varnau's alleged actions rise to the level of malfeasance and willful misconduct which required removal from office was a question for the common pleas court to determine. As the trial court noted, Dr. Varnau's mistakes in the performance of her official duties did not rise to the level of gross neglect of duty and were not "sufficient" to warrant removal pursuant to R.C. 3.07.

{¶ 16} It is well-established that "[s]ufficiency of the evidence is a question of law * * *" *Hausser v. Keefer*, 9th Dist. Wayne No. 2569, 1991 WL 2000, *1 (Jan. 9, 1991). We have previously stated that "[o]n appeal, this court must review the record to determine whether sufficient evidence was presented to satisfy the required degree of proof." *Kuehnle*, 2005-Ohio-2373 at ¶ 85, citing *In re Wingo*, 143 Ohio App.3d 652 (4th Dist.2001). In that case we were reviewing the common pleas court's decision *granting* the removal of three school board members from their positions on the school board following a bench trial, a decision which required this court to review the sufficiency of the evidence presented to support the removal, not whether that decision was against the manifest weight of the evidence. *See id.* at ¶ 114 ("The state of the record is such that the trial court could have found gross neglect of duty, misfeasance, malfeasance, or nonfeasance with respect to preparation of [meeting] minutes").

{¶ 17} The Fourth District Court of Appeals reached a similar decision in *In re Removal of Sites*, 170 Ohio App.3d 272, 2006-Ohio-6996 (4th Dist.), a decision which also addressed the removal of three school board members from their positions on the school board, albeit following a jury trial. As the Fourth District stated in *Sites*:

The precise argument appellants advance in the case sub judice

is that insufficient evidence supports the jury's verdicts. However, sufficiency of the evidence is generally a question of law. Thus, we possess the authority to review the issue of whether sufficient evidence supports the jury's verdicts.

*Id.* at ¶ 15. The Fourth District also noted that "to uphold the jury verdicts in the case sub judice, sufficient evidence must appear in the record to establish any one of the instances of alleged misconduct." *Id.* at ¶ 18.

{¶ 18} As this is an appeal from the common pleas court's decision *denying* the Adamsons' complaint under R.C. 3.09 for Dr. Varnau's removal from her position as Brown County Coroner, we are limited in our jurisdiction to reviewing questions of law. The trial court determined that the evidence of any violations by Dr. Varnau was insufficient to sustain an order of removal. Simply because a resolution of a question of law involves a consideration of the evidence does not mean that a question of law is converted into a question of fact or that a factual issue is presented. See *Parks v. Parks*, 4th Dist. Washington No. 12CA37, 2013-Ohio-3959, at ¶ 24, citing *Ruta v. Breckenridge-Remy Co.*, 69 Ohio St.2d 66, 68 (manifest weight of the evidence argument is irrelevant to the determination of a motion for directed verdict). We are not asked to weigh the evidence or determine the credibility of the witnesses. In fact, there is no dispute as to the events that took place. Rather, the appeal tests the legal sufficiency of the evidence and whether the evidence, if believed, clearly and convincingly requires removal under R.C. 3.07. The common pleas court determined that it did not, and we find no error as a matter of law in the lower's court decision to dismiss the Adamsons' complaint.

{¶ 19} Although we affirm the trial court's decision dismissing the complaint, we nevertheless find it necessary to address the underlying hostility and political strife between Dr. Varnau and the Brown County Sheriff's Office, particularly Sheriff Wenninger. Simply stated, these battles do not serve the best interests of the Brown County citizenry and project

- 7 -

an overwhelmingly negative light on all of those involved. This could be no more evident than when dealing with matters following a death and the loss of a loved one, as is painfully evident when reviewing the extensive trial testimony presented here.

{¶ 20} After reviewing the entirety of the record submitted in this matter, we agree with the common pleas court's decision which found that "the narrow view of jurisdictional policy" between Dr. Varnau and Sheriff Wenninger is "cumbersome, inefficient, ineffectual and unnecessary," and "clearly not well suited to best practices." However, just as the common pleas court found, this case is not about whether the citizens of Brown County are being properly served by their duly elected officials, for "[t]hat is a question for the ballot box, not the court."

{¶ 21} The assignments of error are overruled and the judgment of the common pleas court is affirmed.

    HENDRICKSON, P.J., and PIPER, J., concur.