[Cite as *State ex rel. Hicks v. McBride*, 2021-Ohio-1855.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO ex rel. CHRISTOPHER HICKS, | : | |
| | : | CASE NO. CA2021-02-004 |
| Relator, | : | |
| | : | O P I N I O N<br>6/1/2021 |
| - vs - | : | |
| | : | |
| THE HONORABLE JUDGE JERRY R. MCBRIDE, CLERMONT COUNTY COURT OF COMMON PLEAS, | : | |
| | : | |
| Respondent. | | |

ORIGINAL ACTION FOR WRIT OF PROHIBITION

Christopher Hicks, 444 Woodwick Court, Cincinnati, Ohio 45255, pro se

Mark J. Tekulve, Clermont County Prosecuting Attorney, G. Ernie Ramos, Jr., Jeannette E. Nichols, Brian C. Shrive, 101 East Main Street, Batavia, Ohio 45103, for respondent

**PIPER, P.J.**

{¶1} Relator, Christopher Hicks, filed a complaint for a writ of prohibition, alleging that respondent, Judge Jerry McBride, exercised judicial power that exceeded his statutory authority by granting a joint application to pay outside counsel fees. In response, Judge McBride filed a Civ.R. 12(B)(6) motion to dismiss, alleging that Hicks failed to state a viable claim for relief.

{¶2} Hicks filed a citizen complaint alleging that a county commissioner committed theft in office. The Clermont County Prosecutor's Office determined it had a conflict of interest, and a special prosecutor was appointed to investigate the complaint. The commissioner then hired outside counsel in his defense. After an investigation into the matter, the special prosecutor declined to bring any charges against the commissioner.

{¶3} In a joint motion, the county commissioners and prosecutor's office asked the trial court to approve payment of the commissioner's outside counsel. Hicks was involved in that proceeding and was permitted to submit memoranda in opposition to the payment and was permitted to speak at a hearing on the matter. The trial court took the matter under advisement and issued a decision approving payment of the attorney fees.

{¶4} Two days after the trial court's entry ordering payment of the fees, Hicks filed a writ of prohibition asking this court to prohibit Judge McBride from issuing the order to pay attorney fees. As noted above, Judge McBride then filed a motion to dismiss for failure to state a claim upon which relief can be granted.

{¶5} According to Civ.R. 12(B)(6), a civil petition can be dismissed for failure to state a claim upon which relief can be granted. The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443 ¶10.

{¶6} A court "must dismiss a complaint for a writ of prohibition under Civ.R. 12(B)(6) if the Relator cannot prove any facts warranting relief." *Planey v. Court of Common Pleas*, 7th Dist. Mahoning No. 07 MA 141, 2007-Ohio-7273, ¶ 6.

{¶7} "A writ of prohibition is a measure designed to prevent a tribunal from proceeding in a matter over which it has no authority, as opposed to a correctional remedy * * *." *State ex rel. Henneke v. Davis*, 25 Ohio St.3d 23, 25 (1986). A relator is only entitled to a writ of prohibition if he can prove: "(1) [his or her adversary] is about to or has exercised judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law." *State ex rel. Fiser v. Kolesar*, Slip Opinion No. 2020-Ohio-5483, ¶ 7. If the court has subject matter jurisdiction, prohibition is not available to correct an erroneous decision or as a remedy for an abuse of discretion. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404 (1988).

{¶8} In the instant matter, there is no set of facts for which judgment can be granted because the trial court clearly had jurisdiction to order the payment of fees. Hicks, himself, admits as much in his writ, "Judge McBride is vested with all legal authority as Judge of the Clermont County Common Pleas Court to approve or deny an application for the employment of outside legal counsel on behalf of the Clermont County Prosecuting Attorney." This is true according to R.C. 305.14(A), which provides:

> The court of common pleas, upon the application of the prosecuting attorney and the board of county commissioners, may authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county officer in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which such board or officer is a party or has an interest, in its official capacity.

"R.C. 305.14(A) confers discretion upon the common pleas court to approve or deny the application for outside counsel." *In re Retaining Vorys, Sater, Seymour & Pease, L.L.P., as Special Counsel*, 192 Ohio App. 3d 357, 2011-Ohio-640, ¶ 21 (7th Dist.).

{¶9} The record is clear that Judge McBride had jurisdiction to act. Hicks argues that the trial court did not act within its statutory powers by granting the motion and challenges the court's reasoning in ordering payment for outside counsel's fees. However, these arguments contest the trial court's interpretation of the law and its application to the facts, not the trial court's subject matter jurisdiction granting authority to act. Thus, dismissal according to Civ.R. 12(B)(6) is appropriate, as there is no basis upon which to grant relief. *See Sode v. Muskingum Cty. Court of Common Pleas*, 5th Dist. Muskingum No. CT2019-0044, 2019-Ohio-4647, ¶ 18 (grating motion to dismiss pursuant to Civ.R. 12[B][6] where petitioner was not entitled to the relief requested in the writ of prohibition).

{¶10} The motion to dismiss is granted, and Hicks' complaint for a writ of prohibition is, therefore, dismissed.

S. POWELL and M. POWELL, JJ., concur.