[Cite as *Conaway v. Mt. Orab*, 2021-Ohio-4041.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| RUTH CONAWAY, | : | |
| Appellant, | : | CASE NO. CA2021-04-005 |
| | : | O P I N I O N |
| - vs - | | 11/15/2021 |
| | : | |
| VILLAGE OF MT. ORAB, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2021-0031

Office of Young & Caldwell, LLC, and Tyler E. Cantrell, for appellant.

Richard L. Goettke, for appellee.

**HENDRICKSON, J.**

{¶1} Appellant, Ruth Conaway, appeals the decision of the Brown County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss filed by appellees, the Village of Mt. Orab and the Mt. Orab Police Department. For the reasons set forth below, we reverse the decision of the trial court and remand the matter for further proceedings.

{¶2} On January 15, 2021, appellant filed a complaint asserting claims of unjust enrichment, conversion, and willful and malicious misconduct against appellees and JP Morgan Chase Bank dba Enterprise Auto Finance ("JP Morgan"). Appellant alleged that she was a registered and titled co-owner of a 2014 Nissan Murano that Gregory Conaway

also had an ownership interest in. There was a lien on the Nissan Murano held by JP Morgan. In April 2020, the Nissan Murano was seized by the Mt. Orab Police Department. The Mt. Orab Police Department "towed the vehicle on the basis of a forfeiture of the interest of the co-owner Gregory Conaway." Appellant asserted that "[Appellees] were aware that [she] held an interest in said vehicle" and that "Mt. Orab Police Department and/or Mt. Orab Village improperly converted" the Nissan Murano from appellant after "not follow[ing] the proper procedures in forfeiting said vehicle." Appellant contended appellees were unjustly enriched from taking her vehicle and that the improper conversion damaged her in the amount of at least $25,000, as she has been without the use of the vehicle and incurred additional costs. She further contended "[t]he actions by the [appellees] were willful and malicious and constitute[d] serious misconduct" entitling her to punitive damages. There were no documents attached to appellant's complaint.

{¶3} On February 10, 2021, appellees moved to dismiss appellant's complaint on the basis of Civ.R. 12(B)(6), arguing that appellant failed to state a claim upon which relief could be granted. Appellees contended that the vehicle at issue was properly forfeited under a criminal case involving appellant's husband in *State v. Gregory L. Conaway,* Brown County Court of Common Pleas, Case No. CRI2019-2225.[1] Appellees urged the trial court

---

1. In addition to arguing that dismissal was proper under Civ.R. 12(B)(6) as "[a]ll proper procedures were followed with respect to forfeiture of the motor vehicle in question," appellees also set forth a two-sentence claim that they were entitled to immunity from liability under R.C. 2744.03(A). The entirety of the immunity argument presented to the trial court was as follows:

> These defendants are shielded from any liability herein under Ohio Revised Code section 2744.03(A) which provides immunity against all of the actions alleged in the complaint. Immunity is provided for any act or omission in connection with a governmental or proprietary function as well as any act or omission in the performance of a judicial, quasi-judicial, or prosecutorial function.

The trial court did not address appellees' immunity claim in granting their Civ.R. 12(B)(6) motion and appellees have not set forth any argument pertaining to an immunity claim in their appellate brief. As such, we need not consider the issue.

to "take judicial notice of all the pleadings" filed in Case No. CRI2019-2225 and attached uncertified court records from the criminal case to their motion to dismiss. The attached records included (1) an October 3, 2019 True Bill Indictment charging Gregory Conaway with two counts of operating a vehicle while under the influence ("OVI") and setting forth forfeiture specifications for the 2014 Nissan Murano, (2) a February 6, 2020 Entry Withdrawing Plea of Not Guilty and Entering Plea of Guilty, in which Gregory Conaway plead guilty to one count of OVI with a forfeiture specification for the Nissan Murano, (3) a February 6, 2020 Judgment Entry of Sentence which ordered forfeiture of the Nissan Murano to the Mt. Orab Police Department, and (4) a February 6, 2020 Entry Ordering Publication for Forfeiture of Motor Vehicle wherein the trial court ordered the state to issue notice of publication for the forfeiture of the Nissan Murano. The final document attached to appellees' motion to dismiss was a Notice of Forfeiture which indicated notice of the forfeiture of the Nissan Murano had been published in the Brown County Press once a week for two consecutive weeks commencing on February 16, 2020. Unlike the other documents attached to appellees' motion, the Notice of Forfeiture document did not contain a timestamp by the Brown County Clerk of Courts.

{¶4} Relying on the proceedings in Gregory Conaway's criminal case, and the fact that appellant's attorney in her civil suit was the same attorney who represented appellant's husband in his criminal proceedings, appellees argued forfeiture of the Nissan Murano had been properly conducted in accordance with R.C. 2981.04. Appellees contended notice of the forfeiture was accomplished by means of publication in the Brown County Press on February 16 and February 23, 2020, and that appellant had failed to file a motion in the criminal case for a hearing on the forfeiture order or an affidavit asserting an interest in the vehicle within the 30-day time frame set forth in R.C. 2981.04(E) and (F). As appellant had not filed her motion for a hearing in the criminal case until April 20, 2020, beyond the

specified 30 days, her motion had been denied by the criminal court. Appellees argued that as "[a]ll proper procedures were followed with respect to forfeiture of the motor vehicle in question" in the criminal case, appellant's civil complaint failed to state a claim upon which relief could be granted and dismissal was appropriate.

{¶5} Appellant filed a memorandum in opposition to appellees' Civ.R. 12(B)(6) motion to dismiss, arguing she had set forth actionable claims for relief in her complaint as she had asserted that appellees, despite knowing of her ownership interest in the Nissan Murano, had not followed the proper procedures in seeking forfeiture of the vehicle. In her memorandum in opposition, appellant claimed that she had not been personally served with notice of the forfeiture proceedings, as required by R.C. 2981.03(A)(2) and 2981.04(D), and that the notice by publication was invalid as the notice had not been placed in a newspaper of general circulation in the county in which the vehicle was seized, as required by R.C. 2981.04(D). Appellant contended the prosecutor published notice of the forfeiture of the vehicle in a newspaper that circulated in Brown County when the notice should have been placed in an Adams County newspaper, as that was where the vehicle was physically seized.

{¶6} On March 22, 2021, the trial court granted appellees' Civ.R. 12(B)(6) motion to dismiss after considering "the pleadings, the documents attached to those pleadings, the Court's own records in State of Ohio v. Gregory L. Conaway, Case No. CRI2019-2225, and the written arguments of counsel." The court noted that with respect to Gregory Conaway's criminal case,

> Mr. Conaway entered a written plea of guilty to the [OVI] charge which specified that the vehicle was to be forfeited. The February 6, 2020 Judgment Entry of Sentence provided for the forfeiture. An Entry Ordering Publication for Forfeiture of Motor Vehicle was filed on February 6, 2020. Publication was completed on February 23, 2020. Any interested party was then required to file their claim with the Court within 30 days after the

end of publication. No such claims were filed. Ruth Conaway did file a Motion for Hearing on Forfeiture with the Trial Court on April 20, 2020 in that criminal case. That motion was not timely filed, and the Court dismissed her claim without a hearing.

The court went on to state that appellant's counsel, who was the "same counsel who represented Gregory L. Conaway in the criminal case * * * [and] endorsed the written plea of guilty which provided for forfeiture," "now complains that [appellant] was not properly notified of the forfeiture." The court found no merit to the claim of improper notice, stating:

The Court finds that the Village of Mt. Orab and the Mt. Orab Police Department complied with the forfeiture requirements of Ohio Revised Code Section 2981.04. By failing to timely file her motion in the criminal case, Plaintiff Ruth Conaway relinquished any claim she might have in the automobile. She is now attempting to do indirectly what she failed to do directly.

The court finds that Defendants Village of Mt. Orab and Mt. Orab Police Department are entitled to judgment as a matter of law and that Plaintiff's complaint fails to state a claim for relief.

{¶7} Appellant appealed the trial court's decision, raising the following as her sole assignment of error:

{¶8} THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT[S]/APPELLEES' MOTION TO DISMISS.

{¶9} Appellant contends the trial court erred in granting appellees' Civ.R. 12(B)(6) motion to dismiss as her complaint set forth actionable claims for unjust enrichment, conversion, and willful and malicious misconduct entitling her to recover punitive damages. She further contends that contrary to the trial court's decision, there are material factual issues that exist as to appellees' compliance with the notification requirements of R.C. 2981.03 and 2981.04 which preclude judgment from being entered in appellees' favor.

{¶10} As an initial matter, we note that the trial court conflated the standard that applies when ruling on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted with the standard that applies when ruling on a Civ.R. 12(C)

motion for judgment on the pleadings. Though the trial court correctly noted that appellees had moved for judgment under Civ.R. 12(B)(6), the trial court referenced case law and the standard applicable to a Civ.R. 12(C) motion.

{¶11} "[While] the standards for Civ.R. 12(B)(6) and (C) motions are similar, * * * Civ.R. 12(C) motions are specifically for resolving questions of law." *State ex rel. Midwest Pride IV v. Pontious*, 75 Ohio St.3d 565, 569-570 (1996). "Civ.R. 12(C) permits consideration of the complaint and answer, but a Civ.R. 12(B)(6) motion must be judged on the face of the complaint alone." *Id.* at 569, citing *Burnside v. Leimbach*, 71 Ohio App.3d 399, 402-403 (10th Dist.1991). Under Civ.R. 12(C), dismissal is appropriate where a court "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 570. "Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *Id.*

{¶12} Conversely, a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). "A motion made pursuant to Civ.R. 12(B)(6) only determines whether the pleader's allegations set forth an actionable claim." *Ward v. Graue*, 12th Dist. Clermont No. CA2011-04-032, 2012-Ohio-760, ¶ 9, citing *Pyle v. Ledex*, Inc.*, 49 Ohio App.3d 139, 143 (12th Dist.1988). "A court may not use the motion to summarily review the merits of the cause of action." *Home Builders Assn. of Dayton & Miami Valley v. Lebanon*, 12th Dist. Warren No. CA2003-12-115, 2004-Ohio-4526, ¶ 8. Evidence or allegations outside of the complaint may not be relied upon by the movant, "otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment." *Hanson* at 548.

{¶13} "In order for a complaint to be dismissed under Civ.R. 12(B)(6) for failure to state a claim, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5. "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The court may look only to the complaint to determine whether the allegations are legally sufficient to state a claim. *Home Builders Assn.* at ¶ 8. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy Patrol*, 60 Ohio St.3d 143, 145 (1991). A reviewing court conducts a de novo review of a trial court's decision on a motion to dismiss. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶14} Appellees moved for dismissal of the complaint on the grounds that in the criminal case against Gregory Conaway all proper procedures in R.C. 2981.04 were followed with respect to forfeiture of the motor vehicle in question. R.C. 2981.03(A) recognizes that "[t]he state or political subdivision acquires provisional title to property subject to forfeiture under this chapter upon a person's commission of an offense giving rise to forfeiture, *subject to third party claims and a final adjudication* under section 2981.04 or 2981.05 of the Revised Code." (Emphasis added.) R.C. 2981.04, in turn, provides in relevant part:

> After the entry of a forfeiture order under this section, the prosecutor *shall attempt to identify any person with an interest in the property* subject to forfeiture by searching appropriate public records and making reasonably diligent inquiries. The prosecutor *shall give notice* of the forfeiture that remains subject to the claims of third parties and proposed disposal of the forfeited property *to any person known to have an interest in the*

*property*.   The prosecutor also *shall publish notice* of the forfeiture that remains subject to the claims of third parties and proposed disposal of the forfeited property once each week for two consecutive weeks *in a newspaper of general circulation in the county in which the property was seized*.

(Emphasis added.)  R.C. 2981.04(D).  If a third-party has an interest in the property subject to forfeiture, the party is given 30 days after the final publication of notice or the person's receipt of notice to petition for a hearing or file an affidavit of alleged interest in the property. R.C. 2981.04(E)(1) and (2).

{¶15}  Appellees attempted to show compliance with R.C. 2981.04 by attaching a number of documents to their motion to dismiss relating to the criminal case against Gregory Conaway and urging the trial court to take judicial notice of such proceedings.  However, as set forth more fully below, within the context of a Civ.R. 12(B)(6) motion, the trial court could neither take judicial notice of the criminal proceedings nor consider the attachments to appellees' motion to dismiss.

{¶16}  "[A] trial court may [only] take judicial notice of 'appropriate matters' in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim."  *Mansour v. Croushore*, 194 Ohio App.3d 819, 2011-Ohio-3342, ¶ 8 (12th Dist.), citing *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16 (1996).  "[A] trial court cannot take judicial notice of court proceedings in another case, and may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved; a court may only take judicial notice of the proceedings in the immediate case."  *Id.*, citing *Charles v. Conrad*, 10th Dist. Franklin No. 05AP-410, 2005-Ohio-6106, ¶ 26.  "The rationale for this holding is that if a court takes notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpretated the prior case because the record of the prior case is not before the appellate court."  *Bank of New York Mellon v. Floyd*, 8th Dist. Cuyahoga No. 110248, 2021-Ohio-3736, ¶ 15.

{¶17} As the events that unfolded in the criminal case were not part of the proceedings in the civil suit, the trial court could not take judicial notice of those events. Additionally, as the records relating to the criminal proceeding were not attached to appellant's complaint, but rather to appellees' motion to dismiss, the documents were not properly before the trial court. If the court intended to consider the attachments, it needed to provide reasonable notice to the parties that it was construing appellant's motion as a Civ.R. 56 motion for summary judgment rather than a Civ.R. 12(B)(6) motion to dismiss. *See Mansour* at ¶ 19; *Hanson*, 65 Ohio St.3d at 548; *Petrey v. Simon*, 4 Ohio St.3d 154 (1983). The court did not provide such notice.

{¶18} Construing the allegations in the complaint as true and making all reasonable inferences in favor of appellant, as the non-moving party, we find that appellant has adequately alleged claims for unjust enrichment, conversion, and willful and malicious misconduct. "Ohio is a notice-pleading state and therefore a party is not required to plead operative facts with particularity." *Adena at Miami Bluffs Condominium Owners' Assn., Inc. v. Woodward*, 12th Dist. Warren No. CA2020-08-044, 2021-Ohio-3872, ¶ 18, citing *Golden v. Milford Exempted Village School Bd. of Edn.*, 12th Dist. Clermont No. CA2008-10-097, 2009-Ohio-3418, ¶ 23. Rather, under Civ.R. 8(A), a complaint "need only contain a short and plain statement of the claim showing that the party is entitled to relief." *Id.* A party need not prove her case at the pleading stage but, rather, must give reasonable notice of the claim or claims being asserted. *Id.* "The simplified notice-pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of nonmeritorious claims." *Id.*

{¶19} An unjust enrichment claim "states that a person should not be allowed to profit or enrich himself inequitably at another's expense and should be required to make restitution to the party suffering the loss." *RG Long & Assocs. v. Kiley*, 12th Dist. Warren

No. CA2014-10-129, 2015-Ohio-2467, ¶ 14. "The party asserting a claim of unjust enrichment must demonstrate that (1) he [or she] conferred a benefit upon a defendant, (2) the defendant had knowledge of the benefit, and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." *Id.* A conversion claim requires a plaintiff to show the defendant's wrongful exercise of dominion over property to the exclusion of the rights of the owner or the withholding of the property from the owner's possession under a claim inconsistent with her rights. *Joyce v. General Motors Corp.,* 49 Ohio St.3d 93, 96 (1990). "Punitive damages may be allowed in a conversion action 'when the conversion involves elements of fraud, malice, or insult.'" *R&S Distrib. v. Hartge Smith Nonwovens, LLC*, 1st Dist. Hamilton No. C-090100, 2010-Ohio-3992, ¶ 43, quoting *Parrish v. Machlan*, 131 Ohio App.3d 291, 296-297 (1st. Dist.1997).

{¶20} Appellant's complaint alleged that she was a "registered and titled owner" of the 2014 Nissan Murano, which she co-owned with Gregory Conaway, and that the Mt. Orab Police Department seized and improperly converted her vehicle in April 2020 on the basis of a forfeiture interest of Gregory Conaway. She further alleged that appellees were aware that she held an interest in the vehicle but "did not follow the proper procedures in forfeiting said vehicle," thereby unjustly enriching themselves and causing her damages. Appellant further contended she was entitled to punitive damages as appellees actions were "willful and malicious and constitute serious misconduct." Construing these facts as true and limiting our consideration to those factual allegations contained within the complaint, as we are obligated to do when considering a Civ.R. 12(B)(6) motion, we find that appellant has sufficiently alleged facts upon which relief can be granted.

{¶21} The trial court erred by summarily reviewing the merits of appellant's causes of action and by relying on factual allegations outside the complaint. *See Home Builders Assn.,* 2004-Ohio-4526 at ¶ 8, 12. "If facts beyond those alleged in the complaint are

necessary to dispose of a case, the facts must be developed and appropriately brought before the court utilizing the proper procedural vehicle." *Ward*, 2012-Ohio-760 at ¶ 15. Accordingly, for the foregoing reasons, appellant's sole assignment of error is sustained. Appellant's complaint sufficiently stated a claim upon which relief can be granted and dismissal under Civ.R. 12(B)(6) was improper.

{¶22} Judgment reversed, and the cause remanded to the trial court for further proceedings consistent with this opinion.

S. POWELL, P.J., and BYRNE, J., concur.