[Cite as *State ex rel. Yost v. Costine*, 2026-Ohio-1154.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO ex rel. OHIO ATTORNEY GENERAL, DAVE YOST, | : | CASE NO. CA2025-10-039 |
| Relator, | : | AMENDED OPINION AND JUDGMENT ENTRY[1] |
| vs. | : | 3/31/2026 |
| JUDGE MARK COSTINE, | : | |
| Respondent. | : | |
|  | : | |

ORIGINAL ACTION FOR WRIT OF PROHIBITION

Michael A. Walton and Stephen P. Tabatowski, Assistant Ohio Attorneys General, for relator.

Brian A. Shidaker, for respondent.

# **O P I N I O N**

**SIEBERT, J.**

{¶ 1}   Relator, Ohio Attorney General Dave Yost (the "Attorney General"), filed a Complaint for a Writ of Prohibition alleging that Respondent, Judge Mark Costine,

---

1. We issue this amended opinion and judgment entry to correct citation errors in the original version released on March 30, 2026. 2026-Ohio-1099.

exercised judicial power that exceeded his authority by appointing the Attorney General to prosecute the Clinton County Court of Comon Pleas, Probate Division, case of *Koger Kidd v. Haley, et al.*, Case No. 20254003 (the "Malfeasance Case"). In response, Judge Costine filed a Civ. R. 12(B)(6) motion to dismiss, alleging that the Attorney General failed to state a viable claim for relief.

{¶ 2} In June 2025, Koger Kidd filed the Malfeasance Case, alleging that the mayor of Wilmington and several members of the Wilmington City Council "committed acts of malfeasance and/or misfeasance in office" (Emphasis removed). Early in the proceedings, Kidd filed a motion to disqualify the Wilmington's Law Director[2] and the Clinton County Prosecutor from prosecuting the Malfeasance Case. He asserted that each had conflicts of interest and should be disqualified because of their prior (city related) work with the mayor, named city council members, and the City of Wilmington. He also claimed that they and members of their offices would likely be material fact witnesses.

{¶ 3} The Clinton Prosecutor later filed a Notice of Conflict with the court stating he was "personally and ethically disqualified" from prosecuting the Case on grounds similar to those asserted by Kidd. If the Probate Court determined the Law Director was unable to proceed, the Clinton Prosecutor also requested the appointment of a special prosecutor "to act on behalf of the State in this matter, consistent with R.C. 733.73." The Law Director did not object to Kidd's motion, welcomed the appointment of special counsel and deferred the matter to the court. The Law Director later submitted a Notice to the Probate Court that he was ethically conflicted from prosecuting the case, on similar grounds as the Clinton Prosecutor had noted in its Notice of Conflict.

---

2. In the early stages of the Malfeasance Case, John C. Kasper was Wilmington's Interim Law Director. He is now the Law Director and will be referred to as such throughout this opinion.

- 2 -

{¶ 4} The Probate Court granted the Clinton Prosecutor's motion[3] (the Notice of Conflict), ordered the disqualification of the Clinton Prosecutor as well as the Law Director, and subsequently ordered the appointment of the Attorney General to prosecute the case. The Probate Court denied the Attorney General's Motion to Withdraw as Counsel.

{¶ 5} Following Judge Costine's appointment as judge in the Malfeasance Case, the Attorney General filed a Renewed Motion to Withdraw as Counsel and a Motion to Reconsider. The Probate Court denied the Attorney General's motions.

{¶ 6} The Attorney General filed this original action for a Writ of Prohibition following the Probate Court's denial of those motions.

**Applicable Law**

*Municipal Officer Misconduct Statutes and Probate Courts*

{¶ 7} Ohio law provides for the removal of elected municipal officials for misconduct while in office. *See generally* R.C. 733.72 to 733.78 (the "Misconduct Statutes"). Such suits must be filed in the county's probate court. R.C. 733.72. Because Ohio law frowns upon the removal of elected officials from office, the Misconduct Statutes are considered "quasi-penal" in nature and must be "strictly construed." *Adamson v. Varnau*, 2014-Ohio-5739, ¶ 10 (12th Dist.), *In re Removal of Kuehnle*, 2005-Ohio-2373, ¶ 85 (12th Dist.). As in a criminal case, "only the state can prosecute cases brought under [the Misconduct Statutes]." *Mantua ex rel. Webb v. Clavner*, 88 Ohio App.3d 492, 494 (11th Dist. 1993). Thus, as applicable here, the statutes require that a city director of law or, in the event the city law director is also accused of any misconduct, the county prosecuting attorney, appear on behalf of any complainant and prosecute the case. R.C.

---

3. Judge James A. Brogan had been appointed as judge in the Malfeasance Case. Later, Judge Brogan withdrew and Judge Costine was appointed to take his place.

- 3 -

733.73.

*Writs of Prohibition*

{¶ 8} Writs of prohibition may be sought and issued to prevent a judge or tribunal from exercising jurisdiction in matters over which they have no authority. *State ex rel. Henneke v. Davis*, 25 Ohio St.3d 23, 25 (1986). To receive such a writ, the Attorney General must demonstrate "(1) [the Probate Court] is about to or has exercised judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law." *State ex rel. Fiser v. Kolesar*, 2020-Ohio-5483, ¶ 7, quoting *State ex rel. Balas-Bratton v. Husted*, 138 Ohio St.3d 527, 2014-Ohio-1406, ¶ 15. "Where jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *Chesapeake Expl., L.L.C. v. Oil & Gas Comm.*, 2013-Ohio-224, ¶ 11, quoting *State ex rel. Sapp v. Franklin Cty. Court of Appeals,* 2008-Ohio-2637, ¶ 15.

*Motion to Dismiss for Failure to State a Claim*

{¶ 9} However, "[a] court 'must dismiss a complaint for a writ of prohibition under Civ.R. 12(B)(6) if the [Attorney General] cannot prove any facts warranting relief.'" *State ex rel. Hicks v. McBride*, 2021-Ohio-1855, ¶ 6 (12th Dist.), quoting *Planey v. Court of Common Pleas*, 2007-Ohio-7273, ¶ 6 (7th Dist.). For the complaint to be dismissed for a failure to state a claim, it must appear beyond a reasonable doubt that no set of facts entitle the Attorney General to the requested relief. *McBride* at ¶ 5. Under this standard, all factual allegations in the complaint are considered true. *Conaway v. Mt. Orab*, 2021-Ohio-4041, ¶ 13 (12th Dist.). We note the facts relevant to this writ are not in dispute, and the Attorney General raised only legal arguments in support of his writ.

**Analysis**

{¶ 10} Neither the Attorney General nor Judge Costine dispute that Judge Costine exercised judicial power by appointing the Attorney General to act as an independent special prosecutor in this action. The issuance of this writ turns on the second element the Attorney General must prove—whether Judge Costine "patently and unambiguously" lacked the legal authority to do so. It is on this element that the Attorney General's arguments fail.

{¶ 11} The Attorney General asserts that "absent a writ of prohibition, he will be forced into an attorney-client relationship created by an unlawful appointment." In support, the Attorney General maintains the Misconduct Statutes mandate the city director of law (or village solicitor) prosecute this case. R.C. 733.73. The Attorney General argues that "there are only two scenarios in which the court is permitted to appoint another entity: first, when a municipal corporation does not have a city director of law (or village solicitor); and second, when the city director of law is accused of misfeasance and/or malfeasance." The Attorney General contends that if either of these scenarios applies, the probate court is required to appoint the applicable county prosecutor. *Id*. The Attorney General is correct that the Misconduct Statutes authorized the Probate Court to appoint the Law Director or the Clinton Prosecutor to prosecute this Malfeasance Case under the scenarios described.

{¶ 12} But the Misconduct Statutes do not address what happens when neither the municipal law director nor the county prosecutor can prosecute the case due to conflicts of interest. Here, Kidd, the Law Director, and the County Prosecutor all agree (or do not contest) that both officials (as well as their offices) have conflicts of interest in prosecuting the case due to the allegations against them and the likelihood they will be material fact witnesses. The Attorney General does not address this critical fact while steadfastly asserting the Probate Court's appointment of him was patently and unambiguously

- 5 -

unlawful because, "[t]here is simply no authority for probate courts to appoint anyone [other than the Law Director or Clinton Prosecutor], including the Attorney General, to represent a complainant under [the Misconduct Statutes]."

{¶ 13} We are not convinced. Several reasons lead this court to the conclusion that the trial court did not "patently and unambiguously" lack the legal authority to appoint the Attorney General to prosecute this Malfeasance Case.

{¶ 14} First, Ohio law and precedent consistently recognize that the courts have both the statutory and the inherent authority to appoint prosecutors. Courts have statutory authority to appoint "an attorney to assist the prosecuting attorney in the trial of a case pending in such court." (Emphasis added.) R.C. 2941.63. But such an appointment "implies [the] assistant would be under the direction of the prosecuting attorney himself." *State ex rel. Thomas v. Henderson*, 123 Ohio St. 474, 478 (1931). Here, the court could not appoint an "assistant" to the conflicted prosecutor.

{¶ 15} Second, when a prosecuting attorney and his office have a conflict of interest—as is the uncontested fact here—courts have used their "inherent authority" to appoint a "special prosecutor" to act in the place of the prosecuting attorney. *State v. Miller*, 1993 WL 415306, *5 (4th Dist. Oct. 14, 1993); *see also State v. Owens*, 2016 Ohio 176, ¶ 41 (4th Dist.). Such appointment powers exist even where statutes are silent on the issue. *Miller* at * 5 ("Regardless of the absence of any statutory authority courts possess inherent power to appoint special prosecutors where regular prosecutors assert conflicts of interest"). *See also State v. Horsley*, 2018-Ohio-1591, ¶ 58 (4th Dist.) ("A common pleas court has inherent authority to appoint counsel to assist the grand jury in criminal matters where neither the prosecuting attorney nor his duly appointed assistant can perform these duties"). Stated differently, appointment of a special prosecutor is proper where a prosecuting attorney is under investigation or where the prosecutor "has

assented" to such an appointment. *In re Appointment of Special Prosecutor*, 2025-Ohio-5013, ¶ 14 (7th Dist.), citing *Henderson; State ex rel. Stahl v. Webster*, 1933 WL 1540 (6th Dist. Oct. 24, 1933).

{¶ 16} Moreover, Ohio Courts have used this inherent authority to appoint the Attorney General as a special prosecutor under various circumstances. *See e.g. State v. L.F.*, 2020-Ohio-420, ¶ 2 (12th Dist.) (Attorney General's office appointed as special prosecutor after Clermont County Auditor was accused via citizen's affidavit of committing multiple felonies). *See also State v. Lee*, 2020-Ohio-3580, ¶ 2 (7th Dist.) (Attorney General's office appointed as special counsel in case charging local fiscal officer with stealing money and tampering with township financial records); *State v. Harris*, 2009-Ohio-6804 (7th Dist.) (Attorney General's office appointed as special prosecutor where assistant prosecutor previously represented the defendant); *State v. Owens*, 2016 Ohio 176, ¶ 41 (4th Dist.); *State v. Downey*, 2020-Ohio-4118, ¶ 2 (5th Dist.).

{¶ 17} Finally, we are unpersuaded by the caselaw the Attorney General relies upon to support his arguments, as those cases involve a court acting in a way that clearly exceeded its statutory authority, or in a way that was unambiguously prohibited by contract, statute, or constitution. *See generally* State *ex rel. Ford v. Ruehlman*, 2016-Ohio-3529 (finding court's order domesticating foreign judgments exceeded statutory authority). *See also State ex rel. Triplett v. Ross*, 2006-Ohio-4705 (finding court acted contrary to clear statutory authority when it required attorneys who did not meet statutory earning threshold to declare nonsupport of terrorist groups); *State ex rel. Gains v. Maloney*, 2004-Ohio-2658 (holding judge not authorized to appoint outside counsel in habeas corpus case); *State ex rel. Mason v. Griffin*, 2004-Ohio-6384 (holding court patently and unambiguously lacked authority to hold a jury sentencing hearing in case because the court had exclusive authority to issue sentence); *State ex rel. Sanquily v.*

*Court of Common Pleas of Lucas Cnty.*, 60 Ohio St.3d 78 (1991) (finding relevant statute unambiguously established a different court had jurisdiction over specific class of case); *State ex rel. Carriger v. City of Galion*, 53 Ohio St.3d 250 (1990) (holding judge's order requiring defendants to work certain number of hours for county to pay for costs of appointed counsel unconstitutional under the Thirteenth Amendment's prohibition against indentured servitude); *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326 (1972) (holding parties agreed they could appeal arbitrator's decision and court lacked statutory authority to appoint appellate arbitrator); *State ex rel. Sartini v. Yost*, 2001 Ohio App. LEXIS 3781 (11th Dist. Aug. 24, 2001) (finding judge did not have authority to appoint new attorney to represent county official in absence of motion from prosecutor with the statutory authority to represent that official). *Compare State ex rel. Shumaker v. Nichols*, 2013-Ohio-4732 (finding court had authority to require broker to participate as party in fraud action against finance company).

{¶ 18} Here, we find the Probate Court had the constitutional and statutory authority to appoint a special prosecutor in this context. Probate courts are a constitutionally mandated division of the court of common pleas. Ohio Const., art. IV, § 4(C) ("Unless otherwise provided by law, there shall be a probate division and such other divisions of the courts of common pleas as may be provided by law."). By statute, a probate court has the "plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is *expressly* otherwise limited or denied by a section of the Revised Code." (Emphasis added.) R.C. 2101.24(C).

{¶ 19} The Attorney General is correct that probate courts are "courts of limited jurisdiction and are permitted to exercise only the authority granted to them by statute and by the Ohio Constitution." *In re Guardianship of Hollins*, 2007-Ohio-4555, ¶ 11. However, neither the Attorney General nor Judge Costine dispute that the Probate Court

has exclusive jurisdiction over the Malfeasance Case, pursuant to the Misconduct Statutes. R.C. 733.72. The Probate Court here is constitutionally mandated as a division of the common pleas court and has exclusive jurisdiction over the Malfeasance Case pursuant to statute. As such, the statute grants it the same inherent and statutory authority as a general division common pleas court to appoint a special prosecutor, unless that authority has been expressly limited or denied by the Revised Code. That authority has not been expressly limited or denied under the Misconduct Statutes or any other section of the Revised Code. As a result, the Probate court retains this inherent authority under the law.

{¶ 20} The Attorney General's argued stance would result in the prosecution of the Malfeasance Case by individuals or offices with acknowledged conflicts of interest. The impropriety of such a situation is self-evident, and the Probate Court solved this problem by using its inherent authority to appoint the Attorney General as a special prosecutor. The Attorney General is statutorily required to "appear for the state in the trial and argument of all civil and criminal causes in the supreme court in which the state is directly or indirectly interested." R.C. 109.02. While the Malfeasance Case is not being tried in the supreme court, this statute provides additional support for the Attorney General's appointment in this context. Given its "quasi-penal" nature, we conclude the Malfeasance Case must be prosecuted by a representative of the State. The State has, at least, an indirect interest in whether city officials committed misconduct and are subject to removal from office.

{¶ 21} None of this is to say that the Probate Court could not have appointed another attorney in the area or a neighboring county's prosecutor to act as a special prosecutor in the Malfeasance Case. After all, we are cognizant of the incongruity resulting from the appointment of a *State* official (funded by all Ohio taxpayers) to

prosecute what, by all appearances, is a decidedly *local* issue. Nonetheless, the Attorney General cites no authority stating that the Probate Court was *required* to appoint someone else. *See In re Appointment of Special Prosecutor*, 2002-Ohio-1874, *8 (6th Dist.) (holding relevant statutes did not limit the Probate Court's inherent power to appoint a special prosecutor in a public corruption case involving a county prosecutor and did not require the appointment of the Attorney General).

**CONCLUSION**

{¶ 22} Given the specific posture of this case, we conclude the Attorney General has not demonstrated that the Probate Court acted outside of its inherent authority and in a way that was *patently and unambiguously* contrary to law when it appointed the Attorney General as a special prosecutor in the Malfeasance Case. Because the Attorney General's writ fails on that element, we need not address whether the Attorney General has an adequate remedy at law.

{¶ 23} We therefore grant the Probate Court's motion to dismiss. The Attorney General's complaint for a writ of prohibition is, therefore, dismissed.

BYRNE, P.J., and HENDRICKSON, J., concur.

## J U D G M E N T   E N T R Y

This matter is before the court on a complaint for a writ of prohibition filed by relator, Ohio Attorney General Dave Yost, and an answer filed by respondent, Judge Mark Costine.

Upon due consideration of the foregoing, and pursuant to the above Opinion, relator's complaint for a writ of prohibition is hereby dismissed.

Costs to be taxed to relator.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Melena S. Siebert, Judge*